UNITED STATES, Appellee

v.

WILLIAM L. MOORE, Staff Sergeant,
U. S. Air Force, Appellant

4 USCMA 675, 16 CMR 249

No. 4543

Decided August 27, 1954

Col A. W. Tolen, USAF, and Capt D. L. Carhart, USAF, for Appellant.
Lt Col Harold Anderson, USAF, and Capt Giles J. McCarthy, USAF, for Appellee.

## Opinion of the Court

George W. Latimer, Judge:

The accused was tried upon three charges by special court-martial convened in England. · A specification making up Charge I alleged drunkenness on duty; two specifications under Charge II alleged reckless driving of a motor vehicle and operating a motor vehicle while drunk; and Charge III by a single specification alleged disobedience of a lawful regulation prohibiting the operation of a motor vehicle without a drivers' license; in violation, respectively, of Articles 112, 111, and 92, Uniform Code of Military Justice, 50 USC §§ 706, 705, and 686. A plea of not guilty was entered but accused was found guilty as charged and sentenced to receive a bad-conduct discharge, to be confined at hard labor for four months, and to forfeit $40.00 per month for four months. The convening authority approved both the findings and the sentence, but the officer exercising general court-martial jurisdiction over the command reduced the findings under the first Charge to drunk on station under Article 134, 50 USC § 728, and disapproved the findings of guilty under Charge III. He also reduced the sentence to a bad-conduct discharge, confinement at hard labor for three months and forfeiture of $39.20 per month for three months. The board of review affirmed.

The evidence is sufficient to support the findings as affirmed and the issue involved does not require that we set forth the facts and circumstances surrounding the commission of the offenses. The controversy arises out of the following events. After the findings had been returned, trial counsel introduced evidence of one previous conviction of the accused. This conviction was proved by a certified copy of an entry from accused's service record. The certification was signed by Captain Jack F. Minor, personnel officer, who was the official custodian of the record. The Captain was appointed to membership of the special court-martial which convicted the accused and he sat as a member thereof throughout the trial. We granted the petition for review in order that we might dispose of the issue of whether an authenticating officer is ineligible to sit as a member of a court-martial. Article 25 (d) (2), Uniform Code of Military Justice, 50 USC § 589, provides as follows:

"When convening a court-martial, the convening authority shall appoint as members thereof such persons as, in his opinion, are best qualified for the duty by reason of age, education, training, experience, length of service, and judicial temperament. No person shall be eligible to sit as a member of a general or special court-martial when he is the accuser or a witness for the prosecution or has acted as investigating officer or as counsel in the same case."

The Manual for Courts-Martial, United States, 1951, supplements the Code provision in the following language:

"If at any stage of the proceedings the law officer or any member of the court is called as a witness by the prosecution, he shall, before qualifying as a witness, be excused from further duty as law officer or member, respectively, in the case. Whether the law officer or a member called as a witness for the court is to be considered as a witness for the prosecution depends on the character of his testimony. In case of doubt he will be excused as law officer or member, respectively. If a witness called by the defense testifies adversely to the defense, he does not thereby become a 'witness for the prosecution'." [Paragraph 63.]

The above provisions are clear and unequivocal and their salutary effects cannot be disputed. If an appointed member of a court-martial falls in a disqualified class, he or · trial counsel should disclose that fact at the com-

**676**

mencement of the trial in order that his eligibility may be challenged. Certainly, one who is to be called to give testimony against an accused should not be allowed to be a member of the panel which is to determine his guilt or innocence. Moreover, if a member of the court-martial, with no previous knowledge that he is to be a witness, is called to testify during the course of the trial, the Manual provision requires that he be excused from further participation in the case.

Apparently all members of the court-martial at the trial level were unaware of the ineligibility. Trial counsel usually has knowledge of prospective witnesses prior to trial, and generally an announcement is made to the effect that no member of the court-martial will be called as a witness by the prosecution. That representation was made in the present instance but it turned out to be violated. In addition, trial counsel read the document, including the name of the authenticating officer, and no action was taken with respect to the disqualification. Because of those facts, and because this was a special court-martial trial and accused was represented by a non-lawyer, we do not consider the doctrine of waiver applicable.

The important question involved is of first impression in this Court; but service boards of review have considered it, and generally they have refused to affirm findings and sentences when a court-martial member contributes, in any manner, to a conviction.

In United States v. Beeks [ACM S-5398], 9 CMR 743, an Air Force board of review was concerned with the previously quoted Code and Manual provisions. There, the accused was charged with absence without leave. In order to prove the offense, the prosecution introduced authenticated copies of a morning report which indicated that the original entry was signed by the officer who was appointed a member of the court-martial trying the accused. The board reversed the conviction and ordered a rehearing. It held:

"Turning to consideration of the problem in the instant case, it is significant to note that both Article 25

(d) (2) and paragraph 63, Manual for Courts-Martial, 1951, are stated in language which is imperatively phrased and does not permit an interpretation that a member of the court who testifies for the prosecution 'may' be excused. On the contrary, it is apparent that Congress and the President intended to bar any member of the court from testifying for the prosecution and thereafter remaining on the court. Under the circumstances, Captain Griffith's presence on the court after the extract copy of the morning report was received in evidence, was fatal to the findings."

In this instance, we are presented with a situation somewhat different from that in the Beeks case. There the court-martial member had signed the original morning report entry certifying its correctness upon information obtained by him. Here, the original entry in the accused's service record was made and certified by another officer. Captain Minor's action was merely a certificate to the effect that he was the official custodian of the service record of the accused and that the exhibit represented truly the entry that actually appeared in the service record relating to previous convictions. Moreover, in the Beeks case, the accused was being tried upon charges of absence without leave and the evidence was presented to prove his guilt of that offense. Here, the evidence was not produced until after findings of guilty had been returned and it was not used in an attempt to establish accused's guilt or innocence of the offenses with which he was charged, but was instead used as evidence of previous convictions for purposes of giving the court-martial members information upon which they could adjudge punishment.

Subsequent to the Beeks case, the Air Force board of review in United States v. Morris [ACM S-5374], 9 CMR 786, was presented with a case which in certain aspects was on all fours with the instant case. In that case, the rule was broadened to cover a situation where evidence of previous convictions was admitted for purposes of increasing the punishment. There, one

of the members of the court-martial had signed the attesting certificate which contained language identical to that now in the case before us. The board of review stated:

"The extract copy of the accused's service record was properly received in evidence and constituted sufficient proof of the fact that the accused had a record of two previous convictions. . . . The attesting certificate signed by Chief Warrant Officer Hall established the basis for the admissibility of the document (MCM, 1951 par 143a(2)), and we view the use of the attesting certificate on the extract copy of the accused's service record as a substitute for the testimony of Chief Warrant Officer Hall. As to this situation, the rationale of the Beeks case, supra, is applicable and when the record of previous convictions was offered and received in evidence, Chief Warrant Officer Hall's status was again the equivalent of a witness for the prosecution. On this basis alone we would be constrained to hold that his presence on the court thereafter was prejudicial to the substantial rights of the accused and would have required disaffirmance of the findings (ACM S–5398, Beeks, supra)."

We see no distinction between that case and the present instance; and we find no good reason to depart from the principles therein announced. A witness is one whose declaration is received as evidence for any purpose, whether such declaration be made on oral examination or affidavit. Here, the court-martial member was not called to testify but his authenticating certificate on the document was the basis for its admissibility. See United States v. Masusock, 1 USCMA 32, 1 CMR 32. The Code specifically provides that one who is in that class is ineligible to partici-

pate as a member of the court-martial which hears that case. When an ineligible person participates as a court member, we believe it is fatal to both the findings and sentence. The record in the instant case, a special court-martial, shows that a total of six members participated in the trial, although only three are required by the Code and the Manual. (See Uniform Code of Military Justice, Article 16(2), 50 USC § 576; and paragraph 4b, Manual for Courts-Martial, United States, 1951.) The vote announced by the president in reporting the findings and sentence was that two-thirds of the members had concurred by secret ballot. In the light of that circumstance, we have no way of knowing how the ineligible member voted and whether his vote may have controlled the sentence imposed by the court. The accused has the statutory right to have his innocence determined and his punishment imposed by a court composed entirely of members whose qualifications meet the standards of eligibility as set forth in the Code and the Manual. A denial of that right is prejudicial.

We have not overlooked the argument that the member was only disqualified for sentencing purpose and that a board of review by affirming the sentence corrected any error. Assuming without deciding that the member was not disqualified to participate from the commencement of the trial, the difficulty with that argument is that a sentence imposed by an illegally constituted court is not a legal and valid sentence and the power to affirm a sentence or any part thereof does not carry with it the authority to validate punishment which was not imposed legally.

The decision of the board of review is reversed and a rehearing is ordered.

Chief Judge QUINN and Judge BROSMAN concur.