UNITED STATES, Appellant

v

DONALD R. MANSELL, Basic Airman, U. S. Air Force, Appellee

8 USCMA 153, 23 CMR 377

No. 9455

Decided July 19, 1957

*Captain Lawrence J. Gross* argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel Francis P. Murray*.

*Captain Richard C. Bocken* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel Stanley S. Butt*.

## Opinion of the Court

HOMER FERGUSON, Judge:

Before a special court-martial convened at George Air Force Base, California, the accused pleaded not guilty to, but was convicted of, failure to go at the time prescribed to his appointed place of duty, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. He was sentenced to be discharged from the service with a bad-conduct discharge, to forfeit $65.00 per month for three months, and to be confined at hard labor for a like period. The convening authority approved the findings and sentence but thereafter a board of review set aside the conviction and ordered a rehearing. Pursuant to Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, The Judge Advocate General of the Air Force certified the following issues to this Court for its consideration:

a. Was the board of review correct in holding that error prejudicial to the substantial rights of the accused occurred under the facts and circumstances of this case?

b. If the first certified question is answered in the affirmative, could the error have been cured at the trial level or upon appellate review?

A determination of the certified issues does not require a recital of the evidence relating to the commission of the offense charged and accordingly none will be made. After findings of guilty had been announced by the court-martial, the trial counsel offered into evidence Prosecution Exhibit 1, a record of previous convictions. Prior to its admission, however, trial defense counsel examined the document, and then made the following statement:

"DEFENSE: At this time I would

like to object to this trial, as I see that one of the court members had prior knowledge of facts of this case, as the certification section of this document says that it is certified by Robert G. Schultz, First Lieutenant, which [sic] I assume is the same Robert Schultz that's on the court. Therefore he would have prior knowledge that would obviously tend to bias. It was not reported. He did not state such facts."

Lieutenant Schultz was challenged by the defense. Trial counsel then called the challenged officer to the stand where he testified under oath that he had signed the document as the Group Adjutant, that he signed many documents of this nature in the course of his official duties, that he had no independent recollection of this document, and that he had no "biased opinion, prior to sitting on this court today." The court closed to vote on the challenge and upon reopening, announced that the challenge had been sustained. The challenged member was then excused from the court and took no further part in the proceedings. Defense counsel thereupon objected "to the findings of this case" and made a motion for a mistrial on the grounds that the challenged member had been permitted to vote on the findings. The trial counsel opposed the motion, contending that "since the findings have been announced, . . . there is nothing further . . . that the court can do, except to continue with the trial." The motion for mistrial was denied.

Prosecution Exhibit 1 was thereafter admitted into evidence and it revealed that the challenged member, Lieutenant Schultz, had certified the correctness of one entry as to a previous conviction in the accused's service record. A board of review held that Lieutenant Schultz had become a witness for the prosecution and that such participation was "fatal to the findings notwithstanding his excusal at the time his disqualification became known," and ordered a rehearing. The first certified issue seeks to test the correctness of the board's holding.

I

The law is well settled that a court-martial member who certifies an entry in a service record introduced into evidence by the prosecution becomes a witness for the prosecution. United States v McBride, 6 USCMA 430, 20 CMR 146; United States v Moore, 4 USCMA 675, 16 CMR 249. Accordingly, we have no hesitancy in concluding at the outset that in the instant case Lieutenant Schultz became a prosecution witness when the record of previous convictions was admitted into evidence. This determination, however, nowise disposes of our problem for it is to be remembered that the ineligible member was successfully challenged from the court and took no part in the deliberations on the sentence.

The question which we must now determine is whether the court-martial's findings are rendered invalid because of the challenged member's participation therein prior to the time his ineligibility arose.

Article 25(d)(2), Uniform Code of Military Justice, 10 USC § 825(d)(2), provides in pertinent part that:

". . . No member of an armed force is eligible to serve as a member of a general or special court-martial when he is . . . a witness for the prosecution . . . in the same case."

This codal mandate is implemented by paragraph 63, Manual for Courts-Martial, United States, 1951, which provides that:

"If at any stage of the proceedings . . . any member of the court is called as a witness by the prosecution, he shall, before qualifying as a witness, be excused from further duty as . . . [a] member. . . . in the case."

When the ineligibility of Lieutenant Schultz to serve as a court member became apparent, he was excused from the court and took no further part in the deliberations. The Government contends that the court-martial findings should not be invalidated because the oral examination of the ineligible mem-

**155**

ber revealed that he had no prior knowledge of the case or bias against the accused, and furthermore that after his ineligibility became known he was removed from the court and took no part in the deliberations on the sentence. Appellate defense counsel, however, place great reliance on this Court's decision in the case of United States v Moore, supra, as supportive of their contention that the ineligible member's participation is fatal to both findings and sentence.

In Moore, supra, the accused, in spite of his plea of not guilty, was convicted of several offenses. After findings had been announced the prosecution introduced as evidence of a previous conviction a certified copy of an entry from the accused's service record. The certificate was signed by an officer who sat as a member of the court throughout the trial. No objection was voiced concerning the member's eligibility although the document, including the name of the authenticating officer, was read in open court. We held that the court member had become a witness for the prosecution and that such participation constituted reversible error. In the course of our opinion, we said:

". . . The Code specifically provides that one who is in that class is ineligible to participate as a member of the court-martial which hears that case. When an ineligible person participates as a court member, we believe it is fatal to both the findings and sentence . . . The accused has the statutory right to have his innocence determined and his punishment imposed by a court composed entirely of members whose qualifications meet the standards of eligibility as set forth in the Code and the Manual. A denial of that right is prejudicial.

"We have not overlooked the argument that the member was only disqualified for sentencing purpose and that a board of review by affirming the sentence corrected any error. Assuming without deciding that the member was not disqualified to participate from the commencement of the trial, the difficulty with that argument is that *a sentence imposed by*

*an illegally constituted court is not a legal and valid sentence* and the power to affirm a sentence or any part thereof does not carry with it the authority to validate punishment which was not imposed legally." [Emphasis supplied.]

We disposed of the case by ordering a rehearing. The situation presented in the Moore case, supra, is similar to that involved here. However, two important distinctions exist. In the instant case, the court member's ineligibility became known during trial whereas in the Moore case, the member's ineligibility did not become known until after trial. It is also important to note that in Moore, supra, the ineligible member deliberated on the sentence whereas in the instant case the ineligible member took no part in the sentence deliberations. Furthermore, recent pronouncements of this Court have greatly restricted the rationale of the Moore case. The board of review in this case accurately noted that when the Moore case was decided "rehearings limited to the sentence alone were not a recognized procedure . . . but came into use at a later date." United States v Field, 5 USCMA 379, 18 CMR 3. No longer do we consider it necessary to order a full rehearing before the court-martial in order to correct error in the trial or post-trial procedure when merely returning the case for corrective action to the stage of the proceedings at which the error occurred will fully and adequately protect the accused. United States v Clisson, 5 USCMA 277, 17 CMR 277; United States v Hightower, 5 USCMA 385, 18 CMR 9.

In the case of United States v McBride, supra, we were confronted with a situation wherein a court member trying the accused had signed a document subsequently introduced by the prosecution into evidence. The court member continued to serve after the document was admitted. We held there that the member had become a witness for the prosecution when the document was received into evidence and from that point on he became ineligible to further serve on a court-martial. A

majority of this Court, however, were of the opinion that the disqualification of the court member rendered improper only the sentence imposed in the case—because of the accused's guilty plea—and, accordingly, a rehearing only as to the sentence was directed. Judge Latimer, however, following the rationale of the Moore case, was of the belief that both the findings and sentence were tainted by the ineligible member's participation because in his view there is "no way in which an ineligible member is restored to eligibility by subsequent action of the court." Chief Judge Quinn, concurring in a separate opinion, noted that the Court had begun to realize in the Clisson case, supra, the appropriateness of returning a case "for corrective action to the level of proceedings at which the error occurred." Judge Brosman, in a separate opinion, likewise saw "no point in going into the findings on the remand of this case."

In the recent case of United States v Wilson, 7 USCMA 656, 23 CMR 120, we were faced with yet another analogous situation. After findings but before sentence, the prosecution had introduced an exhibit which bore the signature of the law officer serving in the case. The exhibit was introduced without objection by the defense and no challenge or protest was made to the law officer's continued participation. A unanimous Court there held that the law officer had become ineligible to serve in that capacity when the prosecution exhibit was received into evidence. Because "the continued presence of a qualified law officer is an absolute requisite to a valid proceeding" we reversed and ordered a rehearing on the sentence only. The Court agreed "that the error [law officer's participation in the sentencing phase of the case] did not infest the proceedings ab initio, for the error did not occur until the ineligibility arose—after the findings had been announced."

The rationale of the Moore, McBride and Wilson cases, supra, when considered together, simply ■ established the principle that court personnel become ineligible for further service—either as court members or as law officer—when they become witnesses for the prosecution. Stated differently, from the time the disqualification becomes operative, the member is enjoined from further participation in the case. Whether an ineligibility will vitiate the proceedings ab initio or only so much of the proceedings as occurs after the ineligibility arises depends upon the point in the proceedings at which the disqualifying facts occur and whether the member remains on the court after he has become a witness for the prosecution.

We need only apply these principles to the case at bar. The challenged member did not become a witness for the prosecution until after the Government had introduced the record of previous convictions into evidence. At the time the exhibit was received, Lieutenant Schultz was no longer a member of the court-martial, having previously been successfully challenged for cause by the defense. On oral examination he testified that he had signed the document in routine fashion in the course of his official duties and that he had no independent recollection of either the document or the accused prior to his service on the court. Accordingly, we conclude that the member did not become a witness for the prosecution until after he had been excused from the court and that his prior participation did not vitiate the court-martial's finding of guilt. Article 25 (d) (2), supra; paragraph 63, Manual for Courts-Martial, supra. Therefore, neither a rehearing on findings nor sentence is required. The first question certified by The Judge Advocate General of the Air Force is answered in the negative.

II

Our holding on the first certified issue renders wholly unnecessary any discussion of the second. The decision of the board of review is reversed and the record is returned to that tribunal for further review in conformity with the views expressed in this opinion.

Chief Judge QUINN and Judge LATIMER concur.