**UNITED STATES, Appellee,**

v.

**Private First Class Peter J. DIONNE, SSN 048–52–3683, United States Army, Appellant.**

**CM 437310.**

U. S. Army Court of Military Review.

22 Dec. 1978.

Major Benjamin A. Sims, JAGC, and Captain Larry D. Anderson, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Captain Douglas P. Franklin, JAGC, and Captain

---

Brian X. Bush, JAGC, were on the pleadings for appellee.

Before DE FIORI, CARNE and THORNOCK Appellate Military Judges.

## OPINION OF THE COURT

CARNE, Senior Judge:

The appellant was tried by a judge alone general court-martial for aggravated assault upon a fellow soldier in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928. Pursuant to his negotiated plea he was found guilty. His approved sentence was a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $125.00 pay per month for six months, and reduction to the grade of Private (E–1).

Appellant now asserts that the failure of the convening authority personally to detail a court reporter to a general court-martial, although not constituting error of a jurisdictional magnitude, is error of sufficient severity to warrant sentence relief. It is suggested [citing as authority *United States v. Thompson*, 22 U.S.C.M.A. 448, 47 C.M.R. 489 (1973).[1]] that we remedy the error by approving a sentence which does not exceed the jurisdictional limits of a special court-martial with no court reporter detailed.

At the outset, appellant declines to challenge: (1) the accuracy of the record of trial; (2) the responsibility of the trial counsel for preparation of the record under the direction of the court; or (3) the authentication of the record by the military judge. However, at trial, the appellant moved for

dismissal of the charge for lack of jurisdiction on the theory that the convening authority's failure[2] to detail personally the court reporter came within the rule announced by the United States Court of Military Appeals in *Newcomb*[3] holding that jurisdiction is lacking where the convening authority fails personally to determine the composition of a court-martial. The motion was denied by the military judge on the basis that the *Newcomb* decision does not extend to the detailing of court reporters. We find the trial judge's ruling to be correct.

Article 28, UCMJ, 10 U.S.C. § 828, provides in pertinent part: "Under such regulations as the Secretary concerned may prescribe, the convening authority of a court-martial, . . . shall detail or employ qualified court reporters, who shall record the proceedings of and testimony taken before that court . . .." In amplification of the UCMJ, paragraph 7, Manual for Courts-Martial, United States, 1969 (Revised edition), provides in part:

> Under such regulations as the Secretary concerned may prescribe, the convening authority of a court-martial . . . shall detail or employ qualified court reporters, who shall record the proceedings of and testimony taken before that court
>
> · · ··
>
> The detail or employment of reporters . . . may be effected by the convening authority personally or through a staff officer, including the trial counsel. The detail or employment of reporters . . . may be oral and need not be

1. In *United States v. Thompson*, the United States Court of Military Appeals established the principle that while the trial proceedings of a general court-martial must be recorded verbatim, a summarized account of the trial is constitutionally allowable even in certain general court-martial cases and where an appellate court receives a summarized record of a general court-martial for review, the error may be cured by a sentence reassessment and approval of a sentence no greater than that which could be adjudged in a special court-martial. In *Thompson*, the Court also stated that the question of whether the limitations on the detail and employment of reporters imposed by para-

graph 7, Manual for Courts-Martial, United States, 1969 (Revised edition), was consistent with Article 28 need not be decided. *United States v. Thompson*, 22 U.S.C.M.A. at 492, 47 C.M.R. at 492, n.2.

2. It was stipulated by the parties to the trial with the express consent of the accused that the qualified court reporter in this case was not personally detailed by the convening authority. [R. 9; App. Ex. P.]

3. *United States v. Newcomb*, 5 M.J. 4 (C.M.A. 1978).

shown in the record of trial or allied papers.

*See also* paragraph 49, MCM, 1969 (Rev.).

It is noted that although the principal Army regulation on the administration of military justice (AR 27–10) contains general guidance pertaining to the utilization of court reporters, there are no directions governing the manner of detailing or employment of court reporters. *See* paragraphs 2–6, 2–7, 2–17, 2–21 and 5–6, AR 27–10.

The appellant's attack actually has two prongs: first, it is asserted that the rationale of *Newcomb* requires that the convening authority personally detail the court reporter since the reporter is a member of the court-martial; and second, the language of paragraph 7, MCM, 1969 (Rev.), purporting to authorize the delegation of the convening authority's duties to a staff officer including the trial counsel is alleged to be inconsistent with the intent of Congress as expressed in Article 28, UCMJ, and being an obvious contradiction, is of no legal effect.

 It is well settled by recent decisions of the United States Court of Military Appeals in *Newcomb* and *Ryan*,[4] that the convening authority must personally determine the composition of a court-martial in order that jurisdiction exists and a general court-martial consists of a military judge and not less than five court members unless the accused in writing requests trial by military judge alone. The United States Court of Military Appeals has held that counsel are not an integral part of the court,[5] and we hold that court reporters likewise, are not part of the court-martial entity. Their function in the court-martial process is purely a mechanical one of recording and transcribing the record of proceedings and unlike the other participants at the trial, they can exert no appreciable influence on the results of the trial, particularly since the responsibility for preparing and authenticating the record of trial rests in the court itself. Articles 38(a) and 54(a), UCMJ, 10 U.S.C. §§ 838(a) and 854(a). *United States v. Williams*, 16 C.M.R. 717 (A.F.B.R.1954). Furthermore, although raised by the appellate counsel in their pleadings, they concede that the failure of the convening authority personally to detail a court reporter to a general court-martial does not constitute error of jurisdictional magnitude.

 Although we find limited historical background material in resolving the second issue raised, our research establishes that prior to the enactment of the Uniform Code of Military Justice, the power to appoint a reporter for a court-martial was vested in the president of the court-martial under such regulations as the Secretary of War (Army) [might . . .] prescribe.[6] During the Congressional committee hearings on the Uniform Code of Military Justice, it was suggested that the appointment of reporters and interpreters be vested in the convening authority instead of the president of the court because the convening authority would have more authority to obtain qualified personnel. Apparently, the concept of the delegation of the convening authority's appointing authority for reporters and interpreters was favorably considered during the hearings but for reasons unknown was not specifically incorporated into the law.[7] However, the intent may be inferred from the plain language of the present Article 28 which states "the convening authority . . . shall *detail* or *em-*

---

**4.** *United States v. Ryan*, 5 M.J. 97 (C.M.A. 1978); *United States v. Newcomb, supra* note 3.

**5.** *Wright v. United States*, 2 M.J. 9 (C.M.A. 1976); *United States v. Ryan, supra* note 4, at n.5.

**6.** Article of War 115, paragraph 46, MCM, U. S. Army (1928); Article of War 115, paragraph 46, MCM, U. S. Army (1949); The Background of the Uniform Code of Military Justice, The Judge Advocate General's School (1959), Annex A, at 10.

**7.** Legal and Legislative Basis, Manual for Courts-Martial, United States (1951), at 25; U. S. Code Congressional Service 81st Congress, Second Session (1950), Legislative History, Uniform Code of Military Justice, Vol. 2 at 2239.

*ploy* qualified court reporters . . .." (Emphasis added.) Applying the accepted general rules of construction that in construing statutes, words of common usage are given their normal ordinary everyday meaning, and that writings dealing with the same subject matters should, if possible, be construed so as to be harmonious,[8] it appears certain that the intent of Congress was for the convening authority to utilize the term "detail" in the appointment of a member of the armed forces or a civil servant as a reporter and the term "employ" for the hiring of a civilian stenographer as a court reporter.[9] With this apparent intent, it is beyond any question that Congress did not contemplate that the convening authority would personally act in each instance for the selection of a court reporter. This is obviously a ministerial act and thus may be delegated.[10] We find that the provisions of paragraph 7, MCM, 1969 (Rev.), authorizing the delegation of the convening authority's power to detail or employ court reporters to a staff officer including the trial counsel to be consistent with the meaning and intent of Article 28, UCMJ, and therefore a valid delegation of the convening authority's ministerial powers. Accordingly, the error assigned is resolved against the appellant.

The findings of guilty and the sentence are affirmed.

Chief Judge DE FIORI and Judge THORNOCK, concur.

---

**8.** *United States v. Voorhees*, 4 U.S.C.M.A. 509, 535, 16 C.M.R. 83, 109 (1954).

**9.** Tillotson, The Articles of War Annotated, 2d Rev. Ed. (1943), Annotation 1, 2, & 3, Article 115, at 252; J. Snedeker, Military Justice Under the Uniform Code (1953) Sec. 608a(2), at 106;

*see also* paragraph 46, MCM, U. S. Army (1928); and paragraph 46, MCM, U. S. Army (1949); United States Code, Title 10, Chapter 47, § 828 (1958 Ed).

**10.** *See generally United States v. Newcomb, supra.*