## UNITED STATES

### v.

**Joseph A. GLORIA, 506 92 6547, Private (E–1), U. S. Marine Corps.**

**NMCM 81 1837.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 18 Feb. 1981.

Decided 16 Sept. 1981.

---

LCDR I. D. Warden, Jr., JAGC, USN, Appellate Defense Counsel.

MAJ Charles Wm. Dorman, USMC, Appellate Government Counsel.

Before GLADIS, BOHLEN and BYRNE, JJ.

BYRNE, Judge:

Private Gloria was convicted, pursuant to his guilty pleas, of one unauthorized absence totalling 189 days, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886 (1976). The military judge sentenced him to a bad-conduct discharge and confinement at hard labor for two months. The convening authority approved the sentence but suspended the discharge in accordance with a pretrial agreement. The supervisory authority approved the sentence approved by the convening authority.

Staff Sergeant Ulrich preferred the charges upon which the appellant was tried. Article 30(a), UCMJ, 10 U.S.C. § 830. Thereafter, Sergeant Ulrich served as court reporter.

 In *United States v. Moeller*, 8 U.S. C.M.A. 275, 24 C.M.R. 85 (1957), the court reporter signed and swore to the charges. Two types of accusers were identified: those persons who "have been injured by accused's misconduct" (actual accusers) and those who performed the statutory function of preferring charges (nominal accusers).

*Moeller, supra* at 276–277. If *actual* accusers are used as court reporters it would be "contrary to the concept of a fair trial." However, *nominal* accusers "should" not, as a "general proposition" serve as court reporters. *Moeller, supra* at 277. The court reporter in *Moeller* was a nominal accuser. Despite this apparent distinction, the Court in *Moeller* ordered *both* the findings and sentence set aside, even though the error occurred only in deliberations as to the sentence.

Paragraph 7, *Manual for Courts-Martial, 1969 (Rev.)* (MCM), states that "no person may act as reporter ... in any case in which he is an accuser." This statement is based upon *Moeller. See Analysis of Contents, MCM*, DA Pam 27–2, p. 3–2 (1970).

 Consequently, there was error. However, under the facts and circumstance of this case, the findings and sentence need not be set aside.

The particular facts in *Moeller* dictated the result. The Court of Military Appeals noted that the reporter "was called into the secret chambers of the court-martial while it was deliberating on the sentence, and he became the fountain head of law on the sentence."[1] The reporter also failed to record what occurred during these deliberations. *Moeller, supra* at 276. The Court indicated that the accuser status of the reporter and his unathorized participation in the trial were interrelated. *Moeller, su-*

---

1. The reporter in the *Moeller* case executed an affidavit:

AFFIDAVIT

... CARL E. MARTYN, Sergeant, 1348439, U. S. Marine Corps, duly sworn on oath, deposes and says:

That he was the accuser in the special court-martial, United States vs Moeller, tried at Marine Barracks, Fifteenth Naval District, Rodman, Canal Zone on 5, 6, 7 September 1956, and, also, acted in capacity as the reporter for that court-martial. That after evidence in extenuation and mitigation was received and the court had closed to deliberate on the sentence, he was called by the court to instruct on the sentence that could be adjudged. That upon question of whether the accused could be given two years confine-

ment for violation of a lawful general order or regulation he instructed the court as to the maximum sentence that could be awarded by a special court-martial. That he also instructed the court of the policy of reducing a person to the lowest pay-grade when imposing a punative (sic) discharge.

Affiant further says that he did not instruct the court as to what sentence it should award, but as to what sentence it could legally impose, and that during the conference with the court neither the trial counsel nor the defense counsel were present, however, prior to entering the court at the president's call, both consented to the conference.

/s/ ——————————————
CARL E. MARTYN

*pra* at 276. Prior to *Moeller*, the Court of Military Appeals had, at times, set aside *both* findings and sentence when a record of trial was incomplete and an unauthorized individual had participated in deliberations on the sentence. *See e. g., United States v. Vaughan*, 3 U.S.C.M.A. 121, 11 C.M.R. 121 (1953). Further, in *Moeller*, the president of the court presided and the defense counsel was not a lawyer.[2]

There are many other factors that distinguish the present case from *Moeller*. Unlike Sergeant Martyn in the *Moeller* case, Sergeant Ulrich did not deviate from his demanding task of recording and transcribing the trial proceedings.[3] *Moeller* was a contested case involving a number of larceny and orders violations whereas Private Gloria pled guilty to one specification alleging unauthorized absence. Private Gloria was represented by a certified military lawyer and the record of trial was authenticated by a military judge, who presided.[4]

■ Waiver is applicable for a number of reasons. The defense had notice of Sergeant Ulrich's dual role. The accused and his counsel were provided with a copy of the charge sheet and Sergeant Ulrich was identified as the statutory accuser on page 3 therein. During the trial, he was also identified as the accuser. (R. 3). Sergeant Ulrich also was identified, by name, as the court reporter in open court. (R. 2). Unlike the *Moeller* case, this accused was represented by a certified military lawyer.[5] If the trial defense counsel had objected, the situation could have been clarified. *See United States v. Wilson*, 6 M.J. 214 (C.M.A. 1979). In *United States v. Payne*, 12 U.S.C.M.A. 455, 462, 31 C.M.R. 41, 48 (1961), a general court-martial case, there was a factual dispute as to whether the accuser had acted as reporter at a pretrial investigation and had taken (as stenographer) two oral depositions. Chief Judge Quinn noted, citing *Moeller*:

> No objection was made either at the investigation or at the trial. Nor was the deposition or any other testimony adduced at the investigation admitted in evidence at the trial. Consequently, there is no possibility that the accused

2. This fact has been determined by a review of the original record of trial in *Moeller*.

The defense counsel in the *Moeller* case executed an affidavit:

AFFIDAVIT

... I, ROLAND P. ELY, Jr., LTJG, 593844, USNR, do swear and affirm the following: That I was Defense Counsel in the case of the United States vs. Robert G. MOELLER, U. S. Marine Corps. That to the best of my knowledge, after the evidence of extenuation and mitigation, the Court was closed to deliberate the sentence that was to be imposed on the Defendant. While waiting for the Court to re-open, the Defendant, the Court Reporter, Trial Counsel, one Sergeant Long, and I were talking about the case in a nearby room. It was suggested by either the Trial Counsel or the Court Reporter that the Defendant would probably get six-six and a kick. Whoever made the statement, the other, either Trial Counsel or the Reporter, agreed. I remember this distinctly because I had never heard the phrase "Six-six and a kick" before, and also because I disagreed with them as to the severity of the sentence because of the relatively trifling amount involved. As we were talking, the Court Orderly called the Reporter into the Court Room and the door was closed behind him. I did not hear the conversation which took place between the Reporter and the Members

of the Court, this conversation was not recorded. I had not been consulted as to legality of such procedure at the time. Being inexperienced in these matters, I did not realize possible seriousness of such a practice and did not voice an objection. At the time it didn't occur to me that the Reporter also had been the Accuser in this case.

* * * * *

3. The court reporter's responsibilities, insofar as the record of proceedings is concerned, do not involve personal judgment or discretion. Court reporting is a highly technical skill requiring high standards of professionalism. However, the reporter "can exert no appreciable influence on the results of trial." *United States v. Dionne*, 6 M.J. 791 (A.C.M.R.1978).

4. The legal qualifications of participants in the special court-martial legal "arena" have been drastically altered by legislation since *Moeller*. *Compare* present Articles 26 and 27, Uniform Code of Military Justice, 10 U.S.C. §§ 826 and 827, with their predecessors.

5. The principles of waiver often were not applied when an accused was not represented by a lawyer. *See United States v. Moore*, 4 U.S.C.M.A. 675, 16 C.M.R. 249 (1954).

was prejudiced by the use of the accuser as the reporter.

Indeed, a failure to object to a failure to swear to charges may be waived. *United States v. Taylor,* 15 U.S.C.M.A. 565, 36 C.M.R. 63 (1965); paragraph 29e, MCM. Consequently, the defense waived this issue.

In any event, if there be prejudice it did not rise to a level which warrants setting aside the findings and sentence.

The findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence as approved on review below are affirmed.

Judge BOHLEN concurs.

GLADIS, Senior Judge (dissenting):

I dissent. In this case appellate Government counsel has moved to set aside the findings and sentence, authorizing a rehearing, because the accuser was the reporter. I agree with the accused and the Government that the decision of the Court of Military Appeals in *United States v. Moeller,* 8 U.S.C.M.A. 275, 24 C.M.R. 85 (1957), requires this result.

In *Moeller,* the Court held that assignment of a nominal accuser as reporter is an error of sufficient moment to warrant reversal of the findings and sentence. *See also United States v. Martinez,* 11 U.S.C.M.A. 224, 29 C.M.R. 40 (1960); *United States v. Tucker,* 9 U.S.C.M.A. 587, 26 C.M.R. 367 (1958). I realize that in *Moeller,* the accuser/reporter also acted as adviser to the members while they were deliberating on sentence and failed to record the proceedings that occurred while he was present in the closed session. The Court, however, noted that these irregularities affected only the sentence. The stated basis for reversal of the findings was not these irregularities, but the Court's grave concern over the appointment of the nominal accuser as reporter. There is nothing in the opinion in *Moeller* to indicate that the error is waived if the accused is represented by lawyer counsel who does not object. *Cf. United States*

*v. Martinez, supra,* (general court-martial conviction reversed where actual accuser was interpreter at taking of deposition, although defense counsel knew this and did not object to its introduction).

I assume for the purpose of this appeal that the reporter was merely the nominal accuser and not the accuser-in-fact, although this has not been established. As the Court pointed out in *Moeller,* in many instances it is impossible on appeal to ascertain the true status of the accuser without a post-trial hearing. An ostensibly nominal accuser may have gathered evidence and drafted charges, thereby making the charges his handiwork. *See United States v. Cunningham,* 12 U.S.C.M.A. 402, 30 C.M.R. 402 (1961). The potentialities for harm to the system are great if one who appears on the record as an accuser is the reporter, a functionary who can be a key party to the preservation of the rights of the accused. *United States v. Moeller, supra.* Nevertheless, I find the doctrine of waiver attractive where the reporter is a nominal accuser and the accused is represented by lawyer counsel. *Cf. United States v. Tagert,* 11 M.J. 677 (N.C.M.R.1981). But, in light of the holding in *Moeller,* this Court does not write upon a clean slate. Thus, in a recent case, which cannot be distinguished from this case, another panel, citing *United States v. Moeller,* reversed the findings and sentence, because the accuser was the reporter. *United States v. Moffett,* No. 81 1694 (N.M.C.M.R. 24 June 1981) (order). The holding of *Moeller* is that it is reversible error *per se* when the nominal accuser acts as reporter. If the time is ripe for overruling that holding, the Court of Military Appeals should do so, but this Court should not attempt to overturn *Moeller. United States v. Heflin,* 1 M.J. 131, 132, n.6 (C.M.A.1975). I decline to join the majority in distinguishing this case from *Moeller* or limiting *Moeller* when such distinctions and limitations are not warranted by the opinion in that case.

I would grant the Government's motion to set aside the findings and sentence, authorizing a rehearing.