**UNITED STATES, Appellee,**

v.

**Sergeant Willie D. McMILLION, SSN 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, United States Army, Appellant.**

**SPCM 18094.**

U.S. Army Court of Military Review.

31 May 1983.

Lieutenant Colonel R. Rex Brookshire, II, JAGC, Major Lawrence F. Klar, JAGC, and Captain Gunther O. Carrle, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain James C. Underhill, Jr., JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

OPINION OF THE COURT ON RECONSIDERATION

WERNER, Judge:

Contrary to his pleas, appellant was convicted by a court with members of wrongful sale of hashish, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). His approved sentence provides for a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $367.00 pay per month for six months and reduction to Private E-1.

On 11 May 1983, this Court affirmed the findings of guilty, set aside the sentence and authorized a rehearing on the sentence by the same or a different convening authority. On 20 May 1983 we ordered the decision held in abeyance pending our reconsideration.

Appellant contends that the military judge abused his discretion by refusing to grant his request to reopen voir dire in order to question a court member, First Sergeant Schulte, about his sentencing propensities in drug cases.

We agree that the military judge erred in denying appellant's request but not for the reason suggested by him. We hold that the military judge abused his discretion by summarily denying appellant's request without first hearing his reasons for it. Although appellant has styled the error in terms of denial of the right to conduct additional voir dire, we do not decide the case on that ground. Rather, we find that the military judge's ruling deprived appellant of the "opportunity to properly present and support [his] contentions upon [a] question or matter presented to the court for decision." Paragraph 53g, Manual for Courts-Martial, United States, 1969 (Revised edition).

The trial defense counsel had just completed a lengthy voir dire in which he individually questioned the sergeant and had

unsuccessfully challenged him for cause.* After a twenty-two minute recess, a one minute out-of-court hearing ensued which is reflected in the record as follows:

DC: The defense, on some information that Captain Cryne passed to me over the recess, would like to individually voir dire Sergeant Schulte, Your Honor.

(Pause)

MJ: Request denied.

(Pause)

Bailiff, please bring the members back in.

On appeal, appellant filed an affidavit from the trial defense counsel who averred that he intended to question Sergeant Schulte about a statement he had allegedly made to the effect that "he would give a bad-conduct discharge to God in a drug case."

We believe that the military judge's action was motivated by his desire to expedite the proceedings and by his belief that appellant's counsel previously had ample opportunity to question Sergeant Schulte about his sentencing tendencies but failed to do so. However, when the trial defense counsel said that he had obtained information from Captain Cryne to support further voir dire of Sergeant Schulte, in effect, he notified the judge that the information was newly acquired. Under the circumstances, the military judge should have elicited the underlying source and substance of that information before making a ruling. His failure to do so here was an abuse of discretion.

■ We cannot say with certainty that Sergeant Schulte would have been an impartial sentencing authority. His alleged statement about giving "God a bad-conduct discharge" implies that he had an inelastic attitude, which is proscribed by law. *See United States v. Karnes,* 1 M.J. 92 (C.M.A. 1975); *United States v. Parker,* 6 U.S.C. M.A. 274, 19 C.M.R. 400 (1955). Perhaps further questioning by the parties and by the military judge would have shown that Sergeant Schulte merely had a predisposi-

tion to impose a bad-conduct discharge which would yield to judicial instructions on the law. *See United States v. Tippit,* 9 M.J. 106 (C.M.A.1980); *United States v. Davenport,* 14 M.J. 547 (A.C.M.R.), *pet. granted,* 14 M.J. 438 (C.M.A.1982). In that case, a challenge for cause would not have been sustained. Had the military judge exercised the requisite degree of discretion, these questions might have been answered. As it is, they were not. Because of our uncertainty concerning the qualifications of Sergeant Schulte to sit as a court member, we are likewise unsure that the court was legally constituted. The participation by an ineligible court member in a contested case invalidates both the findings and the sentence because of "the obvious futility of permitting a member to preside and participate on findings but to remove him before proceedings on sentence, when his disqualification has been known from the outset of trial." *United States v. Cleveland,* 15 U.S. C.M.A. 213, 217, 35 C.M.R. 185, 189 (1965); *United States v. Moore,* 4 U.S.C.M.A. 675, 16 C.M.R. 249 (1954); *see also United States v. Lenoir,* 13 M.J. 452 (C.M.A.1982). Our recognition of this principle has caused us to reconsider our original decision to affirm the findings in this case. Accordingly, as we are not satisfied that the findings and sentence are correct, we must set them aside. Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a).

In our review of records of trial, we have observed trial judges, more out of a sense of duty than arbitrariness, sometimes act in a forceful manner in their dealings with counsel. Occasionally, this has had the undesirable effect of intimidating counsel to the detriment of the truth-finding process. Only rarely has it affected the accused's substantial rights sufficiently to warrant reversal. In the past, we have had occasion to suggest a procedure which trial judges may employ when ruling on evidentiary questions.

---

* Sergeant Schulte's commanding officer was also a court member. The defense's challenge was based on the potential for command influ-

ence arising out of the superior-subordinate relationship. Our examination of the record reveals that it was unmeritorious.

The purpose of an objection by counsel is to signify that there is an issue of law and secondly, to give notice of the terms of the issue. Wigmore on Evidence, § 18. If counsel does not state the reason for the objection, the judge should require it for the basis for his decision and as a basis for appellate review of the correctness of the judge's ruling. The judge should avoid interruption of counsel when he is stating his objection and not exercise premature judgment. *See* paragraph 53*g*, MCM 1969 (Rev). An orderly procedure would permit the objecting party to state his objection. The objecting party should be required to state the basis for his objection. The opposing counsel should be required to state the basis for his offer of the evidence. The judge may permit argument or he may as a matter of discretion limit or refuse to hear argument when it would be trivial, mere repetition, made for the purpose of delay or the reason is so obvious as to be incontestable. *See* paragraph 53*g*, MCM *supra; see generally* 88 C.J.S. Trial § 120 and 53 Am Jur, Trial § 132 *et seq.* *United States v. Salisbury,* 50 C.M.R. 175, 179 (A.C.M.R.1975).

We believe it appropriate for motion practice as well and again commend its use. We recognize that trial judges are consistently confronted by overcrowded dockets and occasionally by inexperienced or inefficient counsel whose in-court performance will tax their patience. However, these are inadequate justifications for expediting proceedings, especially where the accused's rights—such as the right to an impartial court—are at stake. "The duty to hear all proceedings fairly and with patience is not inconsistent with the duty to dispose promptly of the business of the court. Courts can be efficient and business-like while being patient and deliberate." Code of Judicial Conduct Canon 3 A(3) commentary (1972).

The decision of this Court in this case, dated 11 May 1983, is withdrawn. The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge O'DONNELL and Judge FOREMAN concur.