# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, M.C. HOLIFIELD, J.P. ELLINGTON**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**WILLIAM J. BEAUMONT**
**PRIVATE (E-1), U.S. MARINE CORPS**

**NMCCA 201500237**
**SPECIAL COURET-MARTIAL**

**Sentence Adjudged:** 18 March 2015.
**Military Judge:** LtCol E.H. Robinson, Jr., USMC.
**Convening Authority:** Commanding Officer, Marine Corps Communications-Electronics School, Training Command, Twentynine Palms, CA.
**Staff Judge Advocate's Recommendation:** LtCol M.E. Sayegh, USMC.
**For Appellant:** LtCol Richard A. Viczorek, USMCR.
**For Appellee:** CDR James E. Carsten, JAGC, USN.

**12 January 2016**

---
## OPINION OF THE COURT
---

THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.

ELLINGTON, Judge:

The appellant was convicted, in accordance with his pleas, by a military judge sitting as a special court-martial of one specification of violating a lawful general regulation (consumption of alcohol by a person under the age of twenty-one) and three specifications of assault consummated by battery, in violation of Articles 92 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 928. The military judge sentenced

the appellant to a reprimand, forfeiture of $1000.00 pay per month for four months, restriction for 120 days, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged.

The appellant raises three assignments of error (AOEs):

(1) The military judge erroneously excluded defense mitigation evidence by sustaining a series of general objections by the Government and refusing to relax the rules of evidence during the defense sentencing case.

(2) The military judge erred by adjudging 120 days of restriction.

(3) The appellant's sentence was inappropriately severe.

After carefully considering the record of trial and the submissions of the parties, we find merit in the appellant's first and second AOEs and grant partial relief in our decretal paragraph. We find AOE three to be without merit. Also, although not raised by the parties, we find error in documenting the letter of reprimand and thus will not affirm that part of the sentence.

**Factual Background**

On 31 May 2014, the appellant and Lance Corporal (LCpl) A.R.R. were socializing at an on-base bowling alley. After leaving the bowling alley, the pair decided to go to a fast food restaurant for a meal. While walking to the establishment, the appellant became aggressive and made numerous attempts to kiss LCpl A.R.R. In one attempt, he grabbed her wrist and pulled her to the ground. He attempted to kiss her while simultaneously impeding her ability to stand. Eventually, LCpl A.R.R. was able to break free of the appellant's grasp. In another attempt, the appellant grabbed LCpl A.R.R., pulled her hair and attempted to prevent LCpl A.R.R. from breaking free of his grasp. Once again LCpl A.R.R. was able to distance herself from the appellant. In his final attempt to kiss LCpl A.R.R., the appellant was again rebuffed and, in the ensuing struggle, the appellant struck LCpl A.R.R. in the face.

During sentencing, the military judge did not allow a defense character witness to answer certain questions. Initially, the witness testified that he had known the appellant for more than six months and had supervised him as his squad leader. The witness was then asked how the appellant performed

2

at the jobs he was given.  After responding that the appellant's job performance was excellent, the trial counsel objected.[1]  The military judge sustained the objection.  Trial defense counsel moved to relax the rules.  The trial counsel argued that the rules could not be relaxed as "[i]mproper character evidence can't be relaxed, sir."[2]  The military judge sustained the objection.  Trial defense counsel then asked two more questions regarding the appellant's military performance to which the trial counsel again made objections which were sustained by the military judge:

     DC:  How did Private Beaumont compare to other Marines
          that you supervised?
     WIT: Excellent, sir. Every time I left, he was –

     TC:  Objection.
     MJ:  Sustained.

     DC:  During the time you observed Private Beaumont,
          did you ever see him drop his pack?
     WIT: No, sir.

     TC:  Objection.
     MJ:  Sustained.[3]

Trial defense counsel then asked the witness if he was aware of the substance of the charges the appellant had pleaded guilty to.  After receiving affirmative responses, trial defense counsel attempted to inquire as to why the witness still supported the appellant.

     DC:  Why did you agree to testify as a sentencing
          witness?

     TC:  Objection.
     MJ:  Sustained.

---

[1] The appellant cites *United States v. McMillion*, 16 M.J. 658 (A.C.M.R. 1983) in his brief to support the position that if a trial counsel does not state the reason for an objection, the military judge should routinely require counsel to state the basis prior to any ruling.  But here, the trial counsel initially stated a basis for his objection, albeit somewhat unartfully.  The record indicates that the military judge viewed the trial counsel's objection as an ongoing objection for purported improper mitigation evidence.

[2] Record at 92.

[3] *Id.* at 92-93.

```
DC:   Do you support any of those activities?
WIT:  No, sir.

DC:   Why do you still support Private Beaumont?

TC:   Objection.
MJ:   Sustained.[4]
```

After the military judge sustained these objections, trial defense counsel again attempted to relax the rules of evidence.

```
DC:   Have you had the opportunity to have a
      conversation with Private Beaumont about his
      feelings towards alcohol?

TC:   Objection.
MJ:   Sustained.

DC:   Sir, at this time, defense asks to relax the
      rules as to hearsay?
MJ:   As I look at the rule, it says that the military
      judge, with respect to matters in extenuation and
      mitigation, may relax the rules of evidence.
      This includes admitting letters, affidavits,
      certificates, and civil offices – certificates of
      military and civil offices and other writings of
      similar authenticity and reliability. I don't see
      anything that says that we can relax the rules as
      it relates to testimony of witnesses. You've got
      something to support that this permits the Court
      – this rule permits the Court to relax the rules
      regarding witness testimony?

DC:   I don't, sir.
MJ:   The analysis doesn't really say anything about it
      that I'm finding.  And so, that objection by the
      government remains sustained. And the – yeah, the
      objection is sustained.[5]
```

The witness then testified that his opinion, as to the appellant's rehabilitative potential, was that "he's perfectly

---

[4] *Id.* at 93.

[5] *Id*. at 94.

4

fine now" and that his military character was "outstanding and loyal."[6]

The appellant then called his noncommissioned officer in charge as a witness. After laying an appropriate foundation, the witness ultimately stated that he believed the appellant had good military character. Turning to the appellant's rehabilitative potential, the following colloquy occurred:

> DC: Have you had the opportunity to form an opinion as to Private Beaumont's potential for rehabilitation?
> WIT: Yes, sir, I have.
>
> DC: And what's that opinion?
> WIT: I believe that he is a good Marine and with the proper guidance he could be –
>
> TC: Objection.
>
> DC: [Witness], there's going to be a sustained objection there. It's just whether or not you believe he has rehabilitative potential.
> WIT: Yes, sir.[7]

**Analysis**

*Exclusion of Defense Mitigation Evidence*

We review a military judge's evidentiary ruling for abuse of discretion. *United States v. Owens*, 51 M.J. 204, 209 (C.A.A.F. 1999). The military judge's findings of fact receive deference and will only be overturned if they are clearly erroneous; we review conclusions of law *de novo*. *Id.*

RULE FOR COURTS-MARTIAL 1001(c)(3), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), provides that the military judge may, with respect to matters in extenuation or mitigation or both, relax the rules of evidence. While the rule does specifically discuss documentary evidence, this authority to relax the rules is not limited to documentary evidence. *United States v. Roth*, 52 M.J. 187, 190 (C.A.A.F. 1999). The Court of Appeals for the Armed Forces (CAAF) has stated "that the intent of the sentencing rules is to favor the admission of relevant evidence in the

---

[6] *Id.*

[7] *Id.* at 98.

5

sentencing proceeding, regardless of the form of the evidence." *Id*. But relaxation of evidentiary rules "'goes more to the question of whether the evidence is authentic and reliable' and 'otherwise inadmissible evidence still is not admitted at sentencing.'" *United States v. Saferite*, 59 M.J. 270, 273 (C.A.A.F. 2004) (quoting *United States v. Boone*, 49 M.J. 187, 198 n.14 (C.A.A.F. 1998)).

Matters in mitigation of an offense are introduced to lessen the punishment to be adjudged by the court-martial, or to furnish grounds for a recommendation of clemency. R.C.M. 1001(c)(1)(B). Mitigation evidence includes "evidence of the reputation or record of the accused in the service for efficiency, fidelity, subordination, temperance, courage, or any other trait that is desirable in a servicemember." *Id*. Positive character evidence is a relevant factor in evaluating an appropriate sentence. *United States v. Tangpuz*, 5 M.J. 426, 429 (C.M.A. 1978). The CAAF has consistently recognized that an accused has a broad right to present mitigation evidence. *United States v. Perry*, 48 M.J. 197, 199 (C.A.A.F. 1998); *United States v. Becker*, 46 M.J. 141, 143 (C.A.A.F. 1997).

The Government concedes that the military judge applied an erroneous view of the law that relaxation of the rules of evidence in sentencing only pertains to documentary evidence and erred by excluding relevant mitigation evidence. We turn then to whether the appellant was prejudiced by this error. To evaluate prejudice when evidence was erroneously excluded during the sentencing portion of a court-martial, we ask "if the error substantially influenced the adjudged sentence." *United States v. Griggs,* 61 M.J. 402, 410 (C.A.A.F. 2005) (citations omitted).

In measuring the influence of the error, we use the CAAF's logic from *Saferite*, 59 M.J. at 274-75; *see also United States v. Griggs*, 61 M.J. 402, 411 (C.A.A.F. 2005)(Crawford, S.J., concurring in part and dissenting in part). In *Saferite*, the CAAF evaluated the effect of an evidentiary error in the sentencing case by assessing: the probative value and weight of the evidence; the risk of unfair prejudice resulting from the ruling; the evidence in light of other sentencing considerations; and the sentence actually imposed compared to the maximum and to the sentence the trial counsel argued for. *Id*.

We recognize that a service member's job performance, community support and good conduct may be probative areas in sentencing. Here, however, even when somewhat limited by the

military judge's rulings, the appellant solicited highly favorable conclusions from each of his live witnesses. In addition, the appellant submitted two exhibits that stated the authors' positive view about rehabilitative potential as well as overall character.

The appellant faced a maximum sentence of confinement for 12 months, forfeiture of two-thirds' pay for 12 months, reduction to the lowest pay grade (E-1), and a bad-conduct discharge. The trial counsel argued for five months of confinement, forfeiture during that period, and a bad-conduct discharge. The appellant received a reprimand, partial forfeiture, restriction, and a bad-conduct discharge. The sentence the appellant received was thus substantially less than the maximum or what the trial counsel sought.

We find that the admission of the excluded testimony, to the extent that it was error to exclude it, would not have led the military judge to award a more lenient sentence. As the appellant's sentence was not substantially influenced by the exclusion, we find no prejudice.

*Legality of the Sentence*

A CA may not approve an illegal sentence. *United States v. Nerad*, 69 M.J. 138, 145 (C.A.A.F. 2010). In this case the military judge adjudged, and the CA approved, 120 days' restriction.

"Restriction may be adjudged for no more than 2 months for each month of authorized confinement and in no case for more than 2 months." R.C.M. 1003(b)(5). The military judge's sentence exceeded this limitation. This, as the Government concedes, is plain error. Accordingly, we will affirm only two months of restriction.[8]

*Sentence Severity*

The appellant argues that his sentence was inappropriately severe given the support of the Marines who supervised the appellant, the rehabilitative potential of the appellant, and the appellant's new understanding of his alcohol problem. We disagree.

---

[8] Documents filed with the Court indicate that the appellant did not serve any days of restriction as he was placed on appellate leave before the CA ordered the restriction executed. We thus find any further relief unnecessary.

7

We review the appropriateness of the sentence *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). Under Article 66(c), UCMJ, this court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). That analysis requires "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). Factors include "the circumstances surrounding the offense, [the accused's] acceptance or lack of acceptance of responsibility for his offense, and his prior record." *United States v. Aurich*, 31 M.J. 95, 97 (C.M.A. 1990). Determining sentence appropriateness does not include granting clemency. *Healy*, 26 M.J. at 395.

The appellant violated a lawful general order and assaulted a fellow Marine without provocation. Evidence regarding the appellant's misuse of alcohol——which included three nonjudicial punishments, two of which involved underage drinking of alcohol——was offered during presentencing in aggravation as well as in mitigation and extenuation. The appellant presented evidence of his efforts to tame his abuse of alcohol. Weighing the gravity of the appellant's offenses against his rehabilitative potential, background, potential sobriety, and the support of his fellow Marines[9], we decline to find his sentence inappropriate.

*Letter of Reprimand*

Although the CA's action purported to incorporate a copy of the letter of reprimand, no copy was present. Responding to our order to produce a copy, the Government's inquiries revealed no record of a letter of reprimand ever actually being issued. Accordingly, we will not affirm that part of the sentence extending to a letter of reprimand.

---

[9] This list is not exclusive as the court considered all relevant sentencing factors outlined by the trial counsel as well as trial defense counsel.

## Conclusion

The findings and only so much of the sentence as includes a bad-conduct discharge, forfeiture of $1000 pay per month for four months, and restriction for two months is affirmed.

Chief Judge BRUBAKER and Judge HOLIFIELD concur.

For the Court



R.H. TROIDL
Clerk of Court