UNITED STATES, Appellant

v

GARY L. TUCKER, Private, U. S. Army, Appellee

16 USCMA 318, 36 CMR 474

No. 19,368

August 12, 1966

*Captain Louren R. Wood* argued the cause for Appellant, United States. With him on the brief were *Colonel Joseph J. Crimmins* and *Lieutenant Colonel Francis M. Cooper.*

*First Lieutenant Gerald F. Richman* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel Martin S. Drucker.*

## Opinion of the Court

QUINN, Chief Judge:

A board of review set aside the accused's conviction and directed a rehearing of the findings and sentence on the ground the law officer improperly deprived the accused of the right to assert a challenge for cause against several court members. Under the provision of Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, the Judge Advocate General of the Army referred the case to this Court to review the correctness of the board of review's action in setting aside the findings of guilty. The Government contends that, because the accused entered a voluntary and providential plea of guilty to all the charges, the board of review should have ordered a rehearing only on the sentence.

The accused was charged with eleven separate offenses, including larceny and housebreaking, for which the maximum punishment extended to a dishonorable discharge and confinement at hard labor for forty-three years. Shortly after the charges were referred to trial, the accused obtained the convening authority's promise that he would not approve a sentence exceeding a punitive discharge and confinement at hard labor for three years, with accessory punishments, if the accused entered a plea of guilty.

At trial, defense counsel examined the court members. Addressing the president of the court first, he asked whether he would, in the case of an enlisted man convicted of offenses like those charged against the accused, "feel compelled to vote for a period of confinement, regardless of the mitigation evidence offered by the defense." The president answered in the affirmative. A similar question was asked of two other court members, and similar answers were given. Defense counsel then challenged the president for cause. Instead of instructing the court members on the procedure for voting on the challenge, the law officer called for an out-of-court hearing. At the hearing,

**319**

he questioned the propriety of the challenge. After some discussion, in which defense counsel conceded that "mitigation in this case" would probably be insufficient to justify a sentence without confinement, the law officer indicated that in his opinion the examination of the court members had disclosed no valid ground for challenge for cause, and he would not, therefore, submit the challenge to the court. He made a formal ruling to that effect in open court.

An accused is entitled to have his "innocence [or guilt] determined and his punishment imposed by a court composed entirely of members whose qualifications meet the standards of eligibility as set forth in the Code and the Manual." United States v Moore, 4 USCMA 675, 678, 16 CMR 249. A predetermined and "inelastic attitude" on the part of a court member as to the sentence which should be imposed upon conviction makes him subject to challenge for cause. United States v Cleveland, 15 USCMA 213, 217, 35 CMR 185. Consequently, defense counsel can examine a court member as to whether he would, on conviction of the accused, "feel compelled" to vote for a sentence which includes a punitive discharge. United States v Cleveland, supra, at page 216. United States v Lynch, 9 USCMA 523, 26 CMR 303. However, the fact that, at the beginning of trial, a court member intuitively feels a conviction for specified offenses justifies a particular kind of punishment does not necessarily disqualify him. "The real test," we have said, "is whether he is mentally free to render an impartial finding and sentence based on the law and the evidence." United States v Parker, 6 USCMA 274, 284–285, 19 CMR 400. Thus, if the *voir dire*, as a whole, demonstrates that the court member's initial impression "will easily yield to the evidence presented in open court and to the law propounded" by the law officer, he need not be excused. United States v Dean, 5 USCMA 44, 49, 17 CMR 44.

Recently, we observed that the normal "gut" reaction to a conviction for certain, serious offenses is that the accused should be severely punished. United States v Fort, 16 USCMA 86, 89, 36 CMR 242. Certainly, it is not unreasonable to conclude that, in the absence of substantial mitigating factors, some confinement should be imposed upon an accused convicted of eleven separate offenses authorizing imprisonment for forty-three years. It may, therefore, be somewhat unfair to a court member to put to him the question of punishment, without preliminary advice as to the effect of mitigating circumstances and his legal right to adjudge a sentence appropriate to the particular accused. A court member is not presumed to be learned in the law; his answer to a question such as that asked by defense counsel may merely reflect an assumption that the law demands that some type of punishment be imposed upon the guilty. With proper instructions, and on further questioning, the court member may disclose that his view as to punishment is not predetermined and unalterable. Rather, it may appear that the court member is wholly willing to assess an appropriate punishment upon the basis of the evidence and the law presented in open court. Regrettably, the law officer did not perceive the appropriateness of further inquiry. Cf. United States v Fort, supra. And, his ruling was patently erroneous. Under the Uniform Code of Military Justice, the challenge of a court member is determined by the other court members, not the law officer. United States v Cleveland, supra.

Appellate defense counsel contend the law officer's ruling deprived the court-martial of jurisdiction to proceed. In United States v Schmidt, 16 USCMA 57, 36 CMR 213, we held that the existence of a ground for challenge because of bias does not automatically excuse the court member. Consequently, the court membership is not reduced below the statutory quorum merely by the fact that the same ground of challenge may apply to several court members. It follows, therefore, that all the proceedings in this case were had before a legally constituted court-martial.

Considering the effect of the law officer's ruling, the board of review determined it was fatal to the findings, as well as to the sentence. It found support for its conclusion in United States v Cleveland, supra. The factual situation in this case is, however, different from that in *Cleveland*. There, the accused pleaded not guilty to the charges. The *voir dire* disclosed that the president and two other members had strong preconceptions about one of the major offenses with which the accused was charged. Their attitudes, therefore, could reasonably affect their deliberations on the findings as well as on the sentence. For that reason, we concluded the error was "fatal to both." *Id.*, page 217. Here, the accused entered a plea of guilty to all the offenses. A plea of guilty "removes from the triers of fact any question of guilt or innocence, leaving only the requirement of imposing an appropriate sentence." United States v Trotter, 15 USCMA 218, 219–220, 35 CMR 190. However wrong the law officer's ruling, therefore, the plea of guilty makes it apparent that the findings of guilty could not have been influenced by any court member's predisposition as to the sentence. Since the findings of guilty were unaffected by the error, they could properly have been affirmed by the board of review. See United States v Sutton, 15 USCMA 531, 36 CMR 29.

Approaching the question of prejudice from another standpoint, appellate defense counsel contend that the board of review's reversal of the findings of guilty is sustainable on the authority of United States v Lynch, supra. In that case, as here, the accused pleaded guilty to the charges. However, in *Lynch,* supra, the president of the court-martial had "so inflamed the membership thereof that the court was incapable of sitting in judgment of the accused." *Id.,* page 526. Accordingly, before the arraignment, defense counsel moved for a mistrial. The motion was denied. The discussion in the opinion, of the inability of the court-martial to receive the plea of guilty, centered on our determination that the law officer had erroneously denied the motion. See United States v Richard, 7 USCMA 46, 51, 21 CMR 172. Our opinion in *Lynch,* therefore, is neither contrary to, nor inconsistent with, our determination here that the plea of guilty eliminated any risk of prejudice as to the findings.

The certified question asks whether the board of review erred in setting aside the findings of guilty. We answer that question in the affirmative. The record of trial is returned to the Judge Advocate General of the Army for submission to the board of review for further proceedings consistent with this opinion.

Judges FERGUSON and KILDAY concur.