**UNITED STATES, Appellee,**

v.

**Jeffrey S. KARNES, Private First Class, U. S. Marine Corps, Appellant.**

No. 30,329.

U. S. Court of Military Appeals.

Aug. 29, 1975.

---

1. Our resolution of the granted issue moots any question as to the staff judge advocate's disqualification.

*Lieutenant Commander Jeffrey H. Bogart*, JAGC, USN, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel P. N. Kress*, USMC, and *Lieutenant J. W. Malley, Jr.*, JAGC, USNR, were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

### PER CURIAM:

Contrary to his pleas the appellant was convicted by general court-martial of two specifications of violating a general order by possessing and selling marihuana in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. We granted review to determine whether the military judge erroneously denied a defense challenge for cause against a court member.

During voir dire examination, the member in question, Captain Wells, expressed the view that he regarded the second specification, which alleged the sale of marihuana, as a serious offense which warranted exclusion from military service. Questioning then continued as to this member's ability to consider possible extenuating or mitigating circumstances:

IC: . . . Do you have a preconceived bias in favor of excluding someone from the service that would be convicted of this offense?

MEMBER (CAPT WELLS): Disregarding any extenuation or mitigation?

IC: Right.

MEMBER (CAPT WELLS): If he were convicted of this offense I would be in favor of excluding him from the Marine Corps.

MJ: Now Captain by that do you mean by that that this charge is serious enough to warrant a punitive discharge?

MEMBER (CAPT WELLS): Yes, sir; I do.

MJ: Do you mean that regardless of what is introduced in extenuation and mitigation that you will award a punitive discharge?

MEMBER (CAPT WELLS): No, sir; I didn't understand the question to mean that. I am saying that if there were no extenuating or mitigating circumstances and he were guilty of specification two, I feel that this is an offense is such that he must be discharged under other than honorable conditions.

MJ: But there are matters that could be introduced that would change your mind?

MEMBER (CAPT WELLS): I don't know, with that charge it would be hard for me to conceive of a mitigating circumstance that would force someone to sell marihuana or any other dangerous drug. I can't conceive in my own mind something that would be mitigating.

**94**

MJ: Would you be willing to listen with an open mind to the matters brought out in extenuation and mitigation?

MEMBER (CAPT WELLS): Yes, sir.

MJ: Would you [be] able to consider these matters in arriving at your sentence?

MEMBER (CAPT WELLS): Yes, sir.

MJ: Are you saying that it is possible that there is something or that it is impossible that there is something that would change your mind?

MEMBER (CAPT WELLS): I am not saying it is impossible. I just can't imagine what it would be.

MJ: You don't know what the circumstances would be but you are not excluding the possibility?

MEMBER (CAPT WELLS): No, sir; I am not excluding it.

.    .    .    .    .

[I]f he were convicted and without the proper circumstances being presented that would change my mind . . . if he were convicted I would not want this man to serve with me.

 While a mere distaste for a crime does not disqualify a member, he must be "mentally free to render an impartial finding and sentence based on the law and the evidence." *United States v. Parker*, 6 U.S.C.M.A. 274, 284–85, 19 C.M.R. 400, 410–11 (1955). The responses of the member in the present case, however, clearly reflected an inelastic attitude toward the imposition of a punitive discharge which was based solely on the nature of the crime. Since such an attitude is a ground for disqualification, the military judge erred in refusing to sustain the challenge for cause. *United States v. Cleveland*, 15 U.S.C.M.A. 213, 35 C.M.R. 185 (1965).

The decision of the United States Navy Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A new trial may be ordered.[1]

---

1. Although the disqualification of Captain Wells would only appear to relate to his ability to participate in the sentence proceedings, the military judge's failure to sustain the challenge for cause is here fatal to both findings and sentence since the grounds for disqualification were brought out prior to findings on voir dire examination. *United States v. Cleveland*, 15 U.S.C.M.A. 213, 35 C.M.R. 185 (1965).