**UNITED STATES, Appellee,**

v.

**Robert W. COSGROVE, Corporal, U.S. Marine Corps, Appellant.**

No. 30,710.

U. S. Court of Military Appeals.

Oct. 24, 1975.

Lieutenant *Michael C. Barr*, JAGC, USNR, was on the pleadings for Appellant, Accused.

Lieutenant Colonel *P. N. Kress*, USMC, and Lieutenant *John H. Poag*, JAGC, USNR, were on the pleadings for Appellee, United States.

OPINION OF THE COURT

PER CURIAM:

The accused was convicted by general court-martial on his guilty pleas of two specifications of attempting to violate a general order in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880. We granted review to determine whether the accused's sentence was adjudged by an impartial court.

During voir dire examination, a member of the court, Lieutenant Colonel Jacobsen, expressed his views relative to determining an appropriate sentence, in part, as follows:

Q. [DEFENSE COUNSEL]. Do you feel that in any case involving LSD, use, sale or transfer in the military, that a punitive discharge should be awarded?

MEM: (LTCOL JACOBSEN): If the person is found guilty, I think so, yes.

. . . . .

Q. If we present no facts in mitigation of an attempted sale, would your feeling be that some sort of punitive discharge is indicated?

MEM: If the plea was guilty with no mitigating circumstances, I would . .

I would have to say yes, a punitive discharge would be appropriate.

Thereafter, the defense challenge for cause against Lieutenant Colonel Jacobsen was denied. The responses of the member in the present case, however, clearly reflected an inelastic attitude toward the imposition of a punitive discharge which was based solely on the nature of the crime. *United States v. Cleveland*, 15 U.S.C.M.A. 213, 35 C.M.R. 185 (1965). As such, the challenge ought to have been granted.

The decision of the U.S. Navy Court of Military Review as to the sentence is reversed. A rehearing on the sentence may be had.