UNITED STATES, Appellee,

v.

Elton T. McGOWAN, Jr., Private, U. S. Army, Appellant.

No. 36,601.

SPCM 12885.

U. S. Court of Military Appeals.

July 23, 1979.

Appearances: For Appellant—*Major Benjamin A. Sims* (argued); *Major Lawrence D. Galehouse* (on brief); *Captain Larry C. Schafer.*

For Appellee—*Captain Harry J. Gruchala* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major Robert B. Williams* (on brief).

Opinion of the Court

PER CURIAM:

We granted review to determine whether the military judge erred to appellant's prejudice by denying his challenge of a court member for cause. The issue is raised in the following context. Trial defense counsel asked the court members during *voir dire* if they were "predisposed as to what type of punishment should be imposed." Receiving an affirmative response from two of the members, he challenged them for cause, without further inquiry into the matter. The challenge was denied and defense counsel exercised his peremptory challenge as to one of the two members.

Appellant submits on appeal that the participation of the remaining member prejudiced his rights as to sentencing.[1] Appellant correctly notes that an inelastic attitude of a court member favoring a particu-

---

1. In view of appellant's pleas of guilty to the offenses which were approved by the convening authority, appellate defense counsel cor-rectly concedes that the alleged error affected only the sentence. *United States v. Tucker*, 16 U.S.C.M.A. 318, 36 C.M.R. 474 (1966).

lar sentence is a ground for disqualification. *United States v. Cosgrove*, 1 M.J. 199 (C.M.A.1975); *United States v. Karnes*, 1 M.J. 92 (C.M.A.1975); *United States v. Cleveland*, 15 U.S.C.M.A. 213, 35 C.M.R. 185 (1965). However, a mere predisposition to adjudge some punishment upon conviction is not, standing alone, sufficient to disqualify a member. Rather, the test is whether the member's attitude is of such a nature that he will not yield to the evidence presented and the judge's instructions. *United States v. Tucker*, 16 U.S.C.M.A. 318, 36 C.M.R. 474 (1966); *United States v. Fort*, 16 U.S.C.M.A. 86, 36 C.M.R. 242 (1966); *see United States v. Deain*, 5 U.S.C.M.A. 44, 17 C.M.R. 44 (1954).

In the present case, the member indicated that he was predisposed to adjudge some form of punishment upon conviction. Unlike the challenged members in *Cosgrove* and *Karnes*, he did not state that he was disposed to impose a punitive discharge solely on the basis of the nature of the offense and without regard to the evidence presented at trial. We conclude that the trial judge properly denied appellant's challenge.

The decision of the United States Army Court of Military Review is affirmed.