UNITED STATES, Appellee,

v.

Robert E. TIPPIT, Senior Airman, U.S. Air Force, Appellant.

No. 38,114.
ACM 22475.

U. S. Court of Military Appeals.

July 14, 1980.

For Appellant: *Colonel Larry G. Stephens, Captain Wade B. Morrison* (on brief).

For Appellee: *Colonel James P. Porter, Captain Robert T. Mounts* (on brief).

*Opinion of the Court*

PER CURIAM:

On November 20–29, 1978, at Royal Air Force Base, Upper Heyford, England, the appellant was tried by a general court-martial consisting of court members. Contrary to his pleas, he was convicted of one count of transferring amphetamines, one count of possessing amphetamines, two counts of transferring marihuana, one count of possessing marihuana, one count of conspiring to transfer marihuana, and one count of

conspiring to transfer amphetamines, in violation of Articles 92, 134, and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934, and 881, respectively. Thereupon, he was sentenced to be separated from the service with a dishonorable discharge, to be confined at hard labor for 3 years, to forfeit all pay and allowances, and to be reduced to the grade of airman basic. The convening authority approved the sentence as adjudged. On July 19, 1979, the United States Air Force Court of Military Review, 7 M.J. 908, affirmed the sentence as approved.

On this appeal, the appellant, relying primarily on *United States v. Karnes*, 1 M.J. 92 (C.M.A. 1975), and *United States v. Cosgrove*, 1 M.J. 199 (C.M.A. 1975), claims that the military judge committed reversible error in denying challenges for cause against three of the members. During *voir dire* examination, these court members had expressed their view that if the appellant were convicted of the charges, they would vote for a punitive discharge in the absence of sufficient evidence in extenuation or mitigation. The appellant submits that these court members acknowledged that they had a preconceived attitude towards sentencing where drug suppliers were concerned and that they would require some evidence of rehabilitation potential in order to overcome this predisposition to vote for a punitive discharge. According to appellant, the overall tenor of these members' responses is, therefore, almost indistinguishable from the disqualifying *voir dire* responses in *Karnes* and *Cosgrove*. We disagree.

█ The principle is clear that if a court member's *voir dire* answers reflect "an inelastic attitude toward the imposition of a punitive discharge which was based solely on the nature of the crime," *United States v. Cosgrove, supra* at 200 (*see United States v. McGowan*, 7 M.J. 205, 206 (C.M.A. 1979)), the military judge is bound to sustain a challenge for cause to this member. "However, a mere predisposition to adjudge some punishment upon conviction is not, standing alone, sufficient to disqualify a member. Rather, the test is whether the member's attitude is of such a nature that he will not yield to the evidence presented and the judge's instructions." *United States v. McGowan, supra* at 206. *See United States v. Boyd*, 7 M.J. 282 (C.M.A. 1979).

█ Thus, it is clear that the test we must apply in this case is not "mere predisposition to adjudge some punishment upon conviction," but rather, whether the court members had "an inelastic attitude" toward the imposition of a particular punishment—in this case, a punitive discharge. However, our examination of the instant *voir dire* responses does not confirm such inelasticity. Even though these members indicated that based solely on the charges, a punitive discharge would seem appropriate for the appellant if convicted, at the same time, they indicated that additional information might change their minds.

In *Karnes*, clearly the member exhibited on *voir dire* an inexorable attitude as to the sentence. While grudgingly admitting that it was not "impossible" for him to change his mind, he asserted that if anything *could* change his mind, he could not "imagine what it would be" and "it would be hard for me to conceive of a mitigating circumstance" that would justify not awarding a punitive discharge. 1 M.J. at 92–93. Thus, our decision in *Karnes* concluded that this member's attitude toward a punitive discharge was inelastic. None of the members' responses in the case at hand reflected such inelasticity—only a predisposition. They all indicated clearly that other evidence would have value, though one of them was "leaning" toward a punitive discharge based solely on the charges. In this respect the case at bar is significantly different from *Karnes* and other cases cited by the appellant.

█ The limited number of peremptory challenges available in courts-martial gives special importance to the challenge for cause. Furthermore, it is appropriate to allow considerable leeway to counsel in the *voir dire* examination of court members as they seek to ascertain whether a challenge for cause should be asserted. However, latitude for counsel in propounding questions

to court members about their reactions to hypothetical situations should not become an invitation to reversible error. The military judge has a responsibility to assure that the court members are open-minded and will render findings and, if necessary, impose a sentence based on the evidence before them. However, he need not engage in minute dissection of responses by members to artful, sometimes ambiguous, inquiries from counsel. Unless it is apparent to us from the record of the *voir dire* that a court member has a closed mind about the case he is to try, denial by the military judge of a challenge for cause should not be reversed.

We, therefore, conclude that the military judge did not err in denying any of the defendant's challenges for cause.

The decision of the United States Air Force Court of Military Review is affirmed.