**UNITED STATES, Appellee,**

v.

**Private (E–2) James G. HUGGINS, SSN 204–50–3738, United States Army, Appellant.**

**SPCM 15774.**

U. S. Army Court of Military Review.

28 July 1982.

Major Raymond C. Ruppert, JAGC, Major James F. Nagle, JAGC and Captain Guy J. Ferrante, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Michael R. Smythers, JAGC, and Captain Richard P. Laverdure, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

### OPINION OF THE COURT ON FURTHER REVIEW

FOREMAN, Judge:

The appellant was convicted of three specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921, and this Court affirmed the findings and sentence. *United States v. Huggins,* 12 M.J. 657 (ACMR 1981). The Court of Military Appeals has remanded the case for our consideration of an issue raised before them for the first time. 13 M.J. 196 (CMA 1982) (order).

The appellant now contends that the military judge erred by denying challenges for cause against three court members, Colonel Lomax, Major Brito, and Captain Bowers, on the ground that they were predisposed to adjudge a punitive discharge. We find the assigned error without merit. The record indicates that, at most, the challenged court members demonstrated a generalized, abstract distaste for barracks larceny, which they articulated only when pressed by defense counsel to commit themselves without any evidence on which to base a decision.

Distaste for an offense is not *per se* disqualifying. *United States v. Cleveland,*

15 U.S.C.M.A. 213, 215, 35 C.M.R. 185, 187 (1965); *United States v. Parker*, 6 U.S.C.M.A. 274, 284–85, 19 C.M.R. 400, 410–11 (1955); *United States v. Deain*, 5 U.S.C.M.A. 44, 49, 17 C.M.R. 44, 49 (1954); *accord, United States v. Mitchell*, 11 M.J. 907, 910 (ACMR 1981); *United States v. Findlay*, 7 M.J. 931, 935 (ACMR 1979), *pet. denied*, 8 M.J. 242 (CMA 1980).

■ Even an initial impression that a punitive discharge is appropriate is not necessarily disqualifying. *United States v. Mitchell, supra; United States v. Williams*, 8 M.J. 506, 508–09 (AFCMR 1979), *pet. denied*, 8 M.J. 227 (CMA 1980); *see United States v. McGowan*, 7 M.J. 205, 206 (CMA 1979).

As observed by Chief Judge Quinn:

Some offenses are so heinous or so repugnant to common decency that the first thought of a court member might well be that the accused should, if convicted, be sentenced to a punitive discharge. A provisional impression of this kind is practically unavoidable. The law recognizes that a juror may enter the jury box with an unfavorable inclination toward certain offenses. See *United States v. Deain*, 5 U.S.C.M.A. 44, 17 C.M.R. 44. Such a juror, however, is not automatically disqualified.

*United States v. Fort*, 16 U.S.C.M.A. 86, 89, 36 C.M.R. 242, 245 (1966). Such an "unfavorable inclination" is particularly understandable in a barracks larceny case, in view of the "special niche of infamy reserved for larceny in the military services." *United States v. Thurman*, 10 U.S.C.M.A. 377, 381, 27 C.M.R. 451, 455 (1959).

■ The test in each case is whether the challenged member will yield to the evidence and the instructions of the military judge. *United States v. McGowan, supra; United States v. Cleveland, supra; United States v. Parker, supra.*

■ Turning to the facts of this case, it is clear from the record that all three challenged members were extremely reluctant to take a position regarding a punitive discharge without hearing more evidence.

Colonel Lomax was asked if he would feel that a bad-conduct discharge was warranted if he were to hear nothing else. He responded, "No. Not unless I have additional evidence." Later the same question was rephrased and he again responded, "I think I need additional information." Still later, after Colonel Lomax appeared to agree with the general proposition that a barracks thief should not be retained in the service, he retreated, stating, "I may have misread your question. I'm of the opinion that there's a possibility for him to remain in the service depending upon what I hear." Finally, when pressed by the defense counsel to state whether he felt that a bad-conduct discharge was warranted if nothing else was presented, Colonel Lomax responded, "If I hear nothing else based on what I have here in front of me, I would probably say yes. If this is the total case presented to me right now."

Major Brito was asked the same questions. Initially he responded, "I can't make a decision at this time," and then, "I think I need additional information," and finally, "I wouldn't render an opinion until I heard the case. . . ." When pressed to answer whether he would vote for a bad-conduct discharge if he heard no other evidence, Major Brito responded, "If I get no further instructions from the judge I would probably recommend a BCD."

Captain Bowers initially responded that he could not make a decision without more evidence. When pressed to commit himself, Captain Bowers responded, "It's very difficult. Like you said, we're in a vacuum. . . ." Finally, when pressed further, Captain Bowers stated, "I would say if you were to present nothing else and just based on this and the individual said he was guilty that would probably be foremost in my mind without any mitigating circumstances or anything being presented to offer reasons why or the individual's background."

All members agreed to consider that the appellant had pleaded guilty and had been in pretrial confinement. All agreed that they would consider the appellant's background and would follow the military judge's instructions.

We find no basis for a challenge for cause. Notwithstanding the clever questioning by trial defense counsel, the challenged members expressed no more than a general distaste for barracks larceny and an abstract inclination toward a punitive discharge. All were extremely reluctant to take a position without hearing the evidence. All agreed without hesitation to follow the judge's. instructions. Their responses exhibit a commendable willingness to base their sentencing decision on the evidence, the appellant's background, and the law.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge O'DONNELL and Judge WERNER concur.