**UNITED STATES, Appellee,**

v.

**Darrell A. LENOIR, Specialist Four, U. S. Army, Appellant.**

No. 41035.

CM 440430.

U. S. Court of Military Appeals.

Aug. 9, 1982.

For Appellant: *Captain Kenneth G. Gale* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Raymond C. Ruppert, Major Joyce E. Plaut* (on brief); *Major Elliot J. Clark, Jr.*

For Appellee: *Captain Richard J. Fadgen* (argued); *Colonel R. R. Boller, Major John T. Edwards, Major John T. Meixell* (on brief); *Major Ted B. Borek, Captain Richard P. Laverdure.*

*Opinion of the Court*

FLETCHER, Judge:

Appellant was tried by general court-martial on November 17, 1980, at Mannheim, Germany. In accordance with his pleas, he was found guilty of six drug offenses in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.[1] The officer and enlisted members of this court-martial sentenced him to a bad-conduct discharge and confinement at hard labor for 36 months. The convening authority, pursuant to a pretrial agreement, approved the sentence except for confinement in excess of 24 months.

The Court of Military Review approved the findings of guilty in an unpublished memorandum opinion. Yet, concerning the sentence, the court held that it was "not satisfied that" Lieutenant Colonel Perrine (LTC), the president of the court-martial,

---

1. Appellant was found guilty of wrongful possession, sale, and transfer of marihuana on May 24, 1980, and wrongful possession, sale, and transfer of heroin on May 27, 1980.

"possessed the requisite elastic mental attitude to yield to the evidence presented and the judge's instructions. *See generally United States v. Tippit*, 9 M.J. 106 (C.M.A. 1980); *United States v. McGowan*, 7 M.J. 205 (C.M.A.1979); *United States v. Cosgrove*, 1 M.J. 199 (C.M.A.1975); *United States v. Karnes*, 1 M.J. 92 (C.M.A.1975)." The court reassessed "the sentence on the basis of ... [this] error ... and the entire record," and affirmed only so much of the sentence as provided for a bad-conduct discharge and confinement at hard labor for 18 months. Opinion at 2.

This Court granted review of the following issue:

WHETHER THE UNITED STATES ARMY COURT OF MILITARY REVIEW, AFTER RULING THAT A COURT MEMBER, CHALLENGED FOR CAUSE, HAD AN INAPPROPRIATELY INELASTIC ATTITUDE TOWARD IMPOSITION OF A PUNITIVE DISCHARGE, INSUFFICIENTLY CURED THE ERROR BY DISAPPROVING A PORTION OF THE APPELLANT'S CONFINEMENT WHILE APPROVING THE PUNITIVE DISCHARGE.

The lower appellate court did not state its reasons for fashioning the challenged remedial action. It did, however, make the following remarks:

In the defense rebuttal to the Review of the Staff Judge Advocate, the trial defense counsel suggested to the convening authority that the military judge erred in denying a defense challenge for cause directed against Lieutenant Colonel (LTC) Perrine, a member of the court-martial for sentencing purposes. To alleviate any possible prejudice to the appellant, the trial defense counsel requested a rehearing on the sentence or, alternatively, that the confinement at hard labor portion of the adjudged sentence be further limited to a period of eighteen months. The essence of this defense contention has been formally renewed before this Court.

Opinion at 1–2 (footnote omitted).

Whether this circumstance justifies as a matter of law the remedial action taken in this case is an obvious issue before this Court. In addition, the lower court's opinion suggests that the nature of the error made by the military judge in denying the challenge for cause influenced its decision. Finally, appellate government counsel's brief asserts that the Court of Military Review erred in holding that LTC Perrine was disqualified to sit as a member at this court-martial and accordingly any error which occurred in fashioning a remedy was harmless. Article 59(a), UCMJ, 10 U.S.C. § 859(a). This Court will address each of these issues to determine the legal propriety of appellant's sentence. *See United States v. Dukes*, 5 M.J. 71 (C.M.A.1978).

Before proceeding to the above questions, we must reexamine applicable principles of military law concerning erroneous denial of a challenge for cause against a member of a court-martial. Judge Latimer writing for a unanimous court in *United States v. Moore*, 4 U.S.C.M.A. 675, 678, 16 C.M.R. 249, 252 (1954), succinctly stated:

The accused has the statutory right to have his innocence determined and his punishment imposed by a court composed entirely of members whose qualifications meet the standards of eligibility as set forth in the Code and the Manual. A denial of that right is prejudicial.

The reason prejudice is presumed from such an error of law is that this Court has no way to determine how the ineligible member voted or whether his vote may have controlled the sentence imposed by the court. Moreover, reassessment of the sentence by a Court of Military Review is not permitted because "a sentence imposed by an illegally constituted court is not a legal and valid sentence and the power to affirm a sentence or any part thereof does not carry with it the authority to validate punishment which was not imposed legally." *Id. See United States v. Lynch*, 9 U.S.C.M.A. 523, 527, 26 C.M.R. 303, 307 (1958); *United States v. Brasher*, 2 U.S.C.M.A. 50,

52, 6 C.M.R. 50, 52 (1952). Accordingly, for such an error we have consistently ordered a rehearing on sentence. *United States v. Cosgrove, supra; United States v. Karnes, supra; United States v. Cleveland*, 15 U.S. C.M.A. 213, 35 C.M.R. 185 (1965).

The Government in its brief suggests that the law prohibiting reassessment of sentence by the Court of Military Review was modified by this Court in *United States v. Tucker*, 16 U.S.C.M.A. 318, 320, 36 C.M.R. 474, 476 (1966). There it was said:

> Appellate defense counsel contend the law officer's ruling deprived the court-martial of jurisdiction to proceed. In *United States v. Schmidt*, 16 U.S.C.M.A. 57, 36 C.M.R. 213, we held that the existence of a ground for challenge because of bias does not automatically excuse the court member. Consequently, the court membership is not reduced below the statutory quorum merely by the fact that the same ground of challenge may apply to several court members. It follows, therefore, that all the proceedings in this case were had before a legally constituted court-martial.

■ In *United States v. Tucker, supra*, the certified question was whether the Board of Review was correct in setting aside findings of guilty based on guilty pleas where a law officer refused to appropriately inquire into grounds for a challenge for cause against a court member. *See United States v. Wilson*, 7 U.S.C.M.A. 656, 660, 23 C.M.R. 120, 124 (1957); *United States v. Beer*, 6 U.S.C.M.A. 180, 19 C.M.R. 306 (1955). The validity of the sentence proceedings of the trial court was simply not an issue before the Court. Therefore, we believe the Government has too broadly construed the cited language of the *Tucker*

decision.[2] Even if this were the meaning intended by the Court, it is clearly dicta which has not been followed by this Court in any subsequent decisions brought to our attention by the Government. *See United States v. Cosgrove* and *United States v. Karnes*, both *supra*. Accordingly, we hold that the language quoted from *United States v. Tucker, supra*, did not change the general rule that at the very least a sentence rehearing is required where there is an erroneously denied challenge for cause.

■ Accepting the general rule for remedial action as explained above, it is now possible to determine whether there were facts and circumstances in the present case which would justify the lower court in departing from it. Two possible justifications indicated on the face of the opinion were the nature of the particular error made by the military judge in denying the challenge for cause and the prayer for relief made by defense counsel in his response to the staff judge advocate's post-trial review.

Close examination of the decision of the lower court reveals that it did not hold LTC Perrine was in fact disqualified to sit as a member at appellant's court-martial. Instead, the lower court faulted the trial judge for not providing an adequate record from which this question could be satisfactorily determined in favor of the Government. *See United States v. Tucker, supra* at 320; *United States v. Lynch, supra*. Yet, it is clear that this ruling implies that the lower court believed that appellant met his burden to show that this member was not qualified. *See* para. 62*h*, Manual, *supra*. In view of this fact and our decisions in the above cited cases, we hold this was not sufficient justification to depart from the normal rule of remedial action for an erroneous denial of a challenge for cause.

---

2. The *Schmidt* decision noted in *United States v. Tucker*, 16 U.S.C.M.A. 318, 320, 36 C.M.R. 474, 476 (1966), is neither supportive of nor relevant to the legal proposition for which it is cited. *United States v. Schmidt*, 16 U.S.C.M.A. 200, 36 C.M.R. 356 (1966), is relevant and apparently was miscited. In the latter case, it was held that a mere challenge for cause not yet sustained does not invalidate proceedings of a court-martial not participated in by a subsequently disqualified member. The same principle was applied to validate the guilty plea and findings of guilty pursuant thereto in *Tucker*. The extension of this principle to proceedings of a court-martial actually participated in by the disqualified member has not been justified by the Government.

A similar question raised by the Government in its brief focuses on the particular nature of the challenge for cause. Counsel assert that a challenge for cause because of bias is distinguishable from a challenge for cause based on a member's or law officer's statutory disqualification as a government witness. See Articles 25(d) and 41, UCMJ, 10 U.S.C. §§ 825(d) and 841, respectively; and para. 62h, Manual, supra. Accordingly, counsel argue that a different remedy is appropriate. See United States v. Moore, supra; see also United States v. Wilson, supra. This distinction, we note, has not justified a different remedy in the past (United States v. Cleveland, supra) or in our more recent decisions. See United States v. Cosgrove and United States v. Karnes, both supra.

The final reason why the Court of Military Review might have taken unusual remedial action in the present case is that trial defense counsel in his response to the Staff Judge Advocate's Review stated that a six-month reduction in sentence would be appropriate relief. In this regard, we note that the convening authority did not accept this recommendation in taking his action on sentence. Moreover, trial defense counsel clearly indicated that this was an alternate form of relief if a rehearing on sentence for some reason should not be granted. Also, this request for alternative relief was not renewed on appeal before the Court of Military Review where appellate counsel specifically asked for a new hearing on sentence. Even assuming appellant could change the law of this Court by such a request, which we find improbable, the Court of Military Review was not justified as a matter of law in doing so in the present case.[3]

The Government further asserts that, regardless of the lower appellate court's misperception of the appropriate remedial action for such an error, this Court can nonetheless affirm its sentence. It argues that there was no showing in the record that LTC Perrine had an inelastic attitude toward sentencing which would not easily yield to the evidence presented and to the military judge's instructions. See United States v. McGowan, supra. In effect, the Government is seeking to appeal the unfavorable decision of the Court of Military Review on this question and by doing so has exceeded the bounds of our grant of review. We consider such an argument unauthorized and in any event it is clearly without merit.[4]

The decision of the United States Army Court of Military Review is affirmed as to findings but reversed as to sentence. The sentence is set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing on sentence may be ordered.

Chief Judge EVERETT and Judge COOK concur.

---

3. The Government also cites United States v. Rivera-Cirino, 12 U.S.C.M.A. 417, 31 C.M.R. 3 (1961), for the proposition that appellant's request for relief as granted by the Court of Military Review eliminated any possible prejudice that he may have suffered. In that case, the complained-of error was a remark by trial counsel during sentencing, an error different in nature and effect from that treated in the present case.

4. Examination of the record of trial indicates that there was sufficient evidence to support the lower court's legal conclusion of error.