**UNITED STATES, Appellee**

v.

**Leroy HERIOT, Staff Sergeant, U.S. Marine Corps, Appellant.**

**No. 46756.**
**NMCM 82–4172.**

U.S. Court of Military Appeals.

Oct. 28, 1985.

For Appellant: *Lieutenant Commander Harold M. Shaw*, JAGC, USN (argued); *Lieutenant Commander William A. De-Cicco*, JAGC, USN and *Lieutenant Burke M. Wong*, JAGC, USNR (on brief); *Lieutenant Commander Georgia L. Winstead*, JAGC, USNR.

For Appellee: *Lieutenant Commander R. Clayton Seaman, Jr.*, JAGC, USN (argued); *Captain W.J. Hughes*, JAGC, USN (on brief); *Lieutenant Commander W.A. Dorsey*, JAGC, USNR.

*Opinion of the Court*

EVERETT, Chief Judge:

Appellant was tried by a special court-martial at Naval Air Station Memphis, for four alleged violations of Naval Regulations prohibiting the wrongful possession, transfer, or sale of marihuana, *see* Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. Contrary to his pleas, he was found guilty as charged and was sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, and reduction to pay grade E–1. The supervisory authority approved the findings and sentence; and the United States Navy-Marine Corps Court of Military Review affirmed, Judge Gladis dissenting. 16 M.J. 825 (N.M. C.M.R.1983). We granted review to deter-

mine whether a defense challenge for cause had been improperly denied. 17 M.J. 55.

In the course of an extensive *voir dire*, the challenged member, Captain William Dischinger, asserted that, if appellant were convicted of the charged offenses, his sentence should include at least a reduction of one grade. As Dischinger explained, Staff Sergeant Heriot should not remain a noncommissioned officer in the Marine Corps if he were convicted of drug offenses. On the other hand, Dischinger did not believe that, in the event of conviction, the sentence should "necessarily" include either confinement or a bad-conduct discharge.

Individual military defense counsel challenged Dischinger on the ground that he was "fixed and inflexible in his attitude toward reduction."

In denying the challenge for cause the military judge gave this explanation:

All right, well, I think that certainly his responses fairly were that he had no firm idea as to how far he'd reduce the accused but certainly his response was that the accused would lose one stripe. I think that he appeared to be somewhat flexible as to whether two or more would go but, certainly, one would. I'm quite familiar with the cases on predisposition towards a certain punishment. The vast majority of those cases, of course, have dealt with the more serious forms of punishment, that is, whether a person would just automatically award a bad conduct discharge or a significant period of confinement. Frankly, I have yet to see one where we're getting down to a predisposition towards such a minor punishment for a serious offense. I think that, if we look at some of the language of these decisions, it's extremely loose. Conceivably, if you look at these decisions, in a General Court-Martial for first degree murder, if a member said that he'd give a $5.00 forfeiture, he'd somehow, and he'd never come down from that, he's somehow challengeable. I think there's a rule of reason that has to come in here. There's also a point where if

members are properly chosen and are properly selected under Article 25 and reasonable leadership potential that there's going to be a certain amount of inflexibility, which I think can be permissible, as long as it's a relatively minor inflexibility dealing with a minor form of punishment in relation to the offenses charged. In this case, the only inflexibility on his part seems to be that the Sergeant, at the very least, would walk out with no—conceivably, with no BCD, no confinement at hard labor, no forfeitures whatsoever—he was flexible in that regard—however, he might walk out, upon conviction, losing one stripe. Frankly, the court finds that that is not an unreasonable view on the part of the court member and the challenge for cause on that ground is denied.

Now, I'm aware of the case law and, frankly, I do not believe that I know of a case which is specifically on this point of this minor a degree of inflexibility and frankly I'm going to give, conceivably, if there's a conviction, I'm going to give the appellate authorities the opportunity to look at this fact situation, if, indeed, it does occur.

So, that challenge for cause is denied.

Writing for the majority of the Court of Military Review, Judge Byrne "conclude[d], as a matter of fact, that Captain D had an inelastic attitude as to one portion of the sentence in that he would have imposed a reduction of one pay grade upon Staff Sergeant Heriot if he was convicted of selling drugs." 16 M.J. at 828. He recognized that there was precedent to the effect that an inflexible attitude on the part of a challenged court member with respect to sentence required upholding a challenge for cause. However, the seminal cases had been decided at a time when the court members voted on challenge; and, in view of the subsequent statutory transfer to the military judge of the power to rule finally on challenges for cause, Judge Byrne was convinced that these cases had lost their authority. Concluding "that the 'inflexible

attitude' principle" is not "inflexible," he explained

> that an inflexible attitude in favor of a certain punishment, based upon the offense alone, is not an inflexible standard in itself, but must be tested to determine if the military judge clearly abused his discretion in denying a challenge on that basis. In the absence of such a clear abuse of discretion, the military judge's determination will be sustained upon review.

*United States v. Heriot, supra* at 835.

On the other hand, Senior Judge Gladis asserted in his dissent:

> The law is clear that if a member has an inelastic attitude towards the imposition of a particular punishment and will not yield to the evidence presented, the military judge must sustain a challenge for cause to the member. *United States v. Tippit,* 9 M.J. 106 (C.M.A.1980); *United States v. McGowan,* 7 M.J. 205 (C.M.A.1979). The inelastic attitude need not be a predisposition to adjudge a punitive discharge. *See United States v. Tucker,* 16 U.S.C.M.A. 318, 36 C.M.R. 474 (1966) (predisposition to adjudge confinement). In its scholarly analysis the majority makes a convincing case for discarding this rule in cases such as the one before us. It is not our function, however, to discard rules enunciated by the Court of Military Appeals, although they may be unwise. That is the task of the Court of Military Appeals. Therefore, I dissent.

16 M.J. at 836.

We are sympathetic with the plight of court-martial members who on *voir dire* are asked hypothetical questions about the sentence they would adjudge in the event of conviction. *See United States v. Smart,* 21 M.J. 15 (C.M.A.1985); *United States v. Tippit,* 9 M.J. 106, 107 (C.M.A.1980). Moreover, we wish to encourage candor on the part of court members questioned during *voir dire;* and so we are reluctant to hold that a prospective member who is not evasive and admits to harboring an opinion that many others would share—such as that a convicted drug dealer should not remain a noncommissioned officer or should be separated from the armed services—must automatically be excluded if challenged for cause.

■ However, we are convinced that an accused is entitled to be tried by court members whose minds are open as to what is an appropriate sentence; and *voir dire* of the members is the accepted way to ascertain whether this openness is present. A court member who asserts, without ever wavering, that under no circumstances will he even consider adjudging some type of lenient sentence is, by implication, affirming that he will disregard the evidence in extenuation and mitigation and the arguments of counsel and that he will not listen to contrary views that may be expressed by other court members when the court closes to deliberate on sentence. If this is really what the court member means, then, according to our precedents, he should be excused. *See, e.g., United States v. Tucker,* 16 U.S.C.M.A. 318, 36 C.M.R. 474 (1966); *United States v. Cleveland,* 15 U.S.C.M.A. 213, 35 C.M.R. 185 (1965).

■ Probably very few court members who state on *voir dire* that they would not adjudge a particular sentence if the accused is convicted have fully considered the implications of their answers. Therefore, in order to lessen the occasions for excusing a member who has been challenged because of an allegedly inflexible attitude as to sentence, the military judge may wish to give the member additional instructions and ask him some clarifying questions. *Cf. United States v. Tucker, supra.* For example, he may remind the court member that later in the trial, if there is a conviction, evidence and argument may be presented as to an appropriate punishment and then the judge will give detailed instructions as to sentencing. Thereafter, the court members will deliberate together as to punishment; and it is the duty of each court member to keep an open mind and not make a choice as to the sentence to be adjudged until all of these events have occurred. Having reminded the court member of his responsibility—including his

obligation to be fair, impartial, and open-minded—the military judge can then ask the member whether he can perform that responsibility. If, at that point, the member gives an affirmative answer which to the judge appears clear and forthright, he may, in the exercise of his discretion, deny the challenge for cause. Otherwise, the challenge should be granted.

■ In some cases where a challenge for cause has been improperly denied because of a court member's inflexible attitude as to sentence, this Court has found it unnecessary to reverse the findings of guilty. *United States v. Tucker, supra; but see United States v. Cleveland, supra.* In those instances, we have concluded that the findings were not tainted; and so, pursuant to Article 59(a) of the Code, 10 U.S.C. § 859(a), the conviction should stand. Although the cases where this has been done have chiefly involved pleas of guilty, we see no reason why the same principle would not apply in a case like the present one. Nothing in the member's predisposition towards reduction of the accused, if he were convicted, would suggest any predilection to convict.

Furthermore, this rationale also seems applicable in connection with the sentence in the present case. Even though no record is made of the deliberation of court members, sometimes it may be apparent that a court member's predisposition for or against a particular sentence has had no effect on the sentence that was actually adjudged. For example, if a court member had an inflexible attitude that some monetary punishment—such as forfeitures of pay, a fine, or reduction in grade—should be imposed, then denial of a challenge for cause against this member would appear to be harmless error if the sentence contained no penalty of this nature. Admittedly, the member with this predisposition may have argued his view during deliberations; but under such circumstances it would seem clear that his view did not affect the outcome. Likewise, if a member is challenged for cause because of his inflexible attitude that a punitive discharge should be adjudged for the offense involved, but the sentence adjudged does not contain a discharge, then once again the inflexible attitude of the member would appear not to have had an impact on the sentence—whether because he was outvoted, changed his mind, was unable to persuade the other members, or some other reason.

Here the sentence actually adjudged against Heriot was a bad-conduct discharge, confinement for 3 months, and reduction to the *lowest* pay grade. We are sure that Captain Dischinger's firm belief that a reduction of at least one grade should be imposed if appellant were convicted had no operative effect on the sentence that was actually adjudged. Obviously, by the time they got around to sentencing appellant, the court members were thinking of punishment so much more severe than a one-grade reduction that Dischinger's view as to reduction was really academic. Under these circumstances appellant was not prejudiced by the judge's error in failing to excuse the challenged court member.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Judge COX concurs.