**UNITED STATES, Appellee,**

**v.**

**Staff Sergeant Emiah ANDERSON, Jr., 251–90–5922, United States Army, Appellant.**

**ACMR X000031.**

U.S. Army Court of Military Review.

26 March 1987.

---

For Appellant: Major Marion E. Winter, JAGC, Captain James J. McGroary, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC, Captain Patrick A. Hewitt, JAGC (on brief).

## OPINION OF THE COURT

SMITH, Judge:

Appellant was convicted, contrary to his pleas, of voluntary manslaughter in violation of Article 119, Uniform Code of Military Justice, 10 U.S.C. § 919 (1982). A general court-martial composed of officer and enlisted members sentenced him to a bad-conduct discharge, confinement for 10 years, forfeiture of $400.00 pay per month for 120 months and reduction to Private E-1. The convening authority approved the sentence.

Appellant asserts that the military judge erred by denying a defense challenge for cause against a court member with an inelastic attitude towards sentencing and guilt.

During *voir dire* the following exchange occurred between the military judge and Command Sergeant Major (CSM) R:

MJ: Would you feel that you could sit on the jury. Would you want someone with your disposition sitting on your court if you were Sergeant Anderson?

MBR: No, sir.

DC: That's real honest answer. Thank you, Sergeant Major.

MJ: Sergeant Major, you responded no. Is that because you feel you might be severe on sentence?

MBR: Yes, sir.

MJ: Do you feel that you can consider all of the evidence in adjudging a sentence?

MBR: Yes sir.

MJ: Do you feel that you have any predisposition towards guilt?

MBR: Yes sir.

MJ: Towards guilt?

MBR: Yes, sir.

MJ: In other words, do you feel that the individual who is present in court has to prove anything?

MBR: I honestly feel that, yes, sir.

MJ: Okay, do you think you can hold the government to its burden to prove beyond a reasonable doubt?

MBR: Yes, sir.

MJ: Do you think that your predisposition—do you understand that that is not evidence?

MBR: That's correct sir, I understand that.

MJ: Although—okay, are you saying, as Colonel Wells said, although it takes something to get to court, you're willing to hold the government to its burden?

MBR: Yes, sir.

MJ: Do you feel that you can be fair?

MBR: Yes sir.

MJ: Can you consider all the sentence alternatives I give you?

MBR: Yes, sir.

MJ: Do you feel that you would have to impose a severe penalty if the accused were found guilty of an offense?

MBR: Yes, sir.

MJ: Any offense?

MBR: Yes, sir.

MJ: Okay. Any other questions?

DC: None. Your Honor.

The military judge denied a defense challenge for cause based on the above responses by CSM R and stated in part that "[t]he fact that an individual may be prone to give a more severe punishment, in and of itself, is not enough to show ... [an] inelastic predisposition towards any one particular punishment." The military judge did not mention CSM R's unretracted opinion that an accused has something to prove in court.

■■■ A basic principle in our system is the concept that an accused is presumed innocent until proven guilty. CSM R's candid response indicated that he did not adhere to that principle. His answer to the military judge that he thought he could hold the government to its burden to prove

guilt beyond a reasonable doubt, while under a cursory examination may appear to be inconsistent with his presumption of guilt, does not so far modify his presumption as to allow us to find him qualified to sit as a fair and impartial court-member.[1] *Cf. United States v. Smart*, 21 M.J. 15, 19 (C.M.A.1985) (challenged member's perfunctory assertion of impartiality not conclusive); *United States v. Olson*, 29 C.M.R. 102, 104 (C.M.A.1960) (disclaimer of command influence by challenged members not binding). Further, his final response to the military judge indicating that he would have to impose a severe penalty if the accused was convicted of any offense is a clear violation of the spirit and intent of the Court of Military Appeals' mandate that court-members yield "to the evidence presented." *See United States v. Reynolds*, 23 M.J. 292 (C.M.A. 1987) (the test is whether the member's personal bias is such it will not yield to the evidence presented and the judge's instructions); *see also United States v. Heriot*, 21 M.J. 11, 13 (C.M.A.1985) (court member who asserts that he will not even consider a lenient sentence should be excused); *United States v. Tucker*, 36 C.M.R. 474, 476 (C.M.A.1966) (further inquiry required when a court member indicates a predetermined view concerning sentence).

Command Sergeant Major R was peremptorily challenged and the issue properly preserved for appeal. *See* Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 912(f)(4). We find that the denial of the challenge for cause in this case was an abuse of discretion.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge RABY concurs.

Judge LYMBURNER took no part in the decision of this case.

---

1. For example, it would be entirely possible, in view of CSM R's *voir dire* responses, that he would believe that the government proved its case beyond a reasonable doubt (when in fact it had not) solely because the appellant failed "to prove" his innocence in court.