UNITED STATES

v.

**Staff Sergeant Bryan K. MAYES, FR 366–62–3948 United States Air Force.**

**ACM 27377.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 12 Oct. 1988.

Decided 7 April 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Darla G. Orndorff.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Carole W. Hanson.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

## DECISION

LEWIS, Senior Judge:

The appellant pleaded guilty to two specifications alleging wrongful use of cocaine. He was sentenced by members to a bad conduct discharge, confinement for 12 months, forfeiture of all pay and allowances and reduction to airman basic. The assigned error before us, as refined by appellate defense counsel during oral argument, is whether the military judge erred in denying a challenge for cause against a member, Lieutenant Colonel (Lt Col) H.

Military appellate courts, while encouraging liberality in rulings on challenges for cause, have nonetheless accorded trial judges great deference in the exercise of their discretion in this area. *United States v. Reynolds*, 23 M.J. 292, 294 (C.M.A.1987). Under the circumstances of this case, we are satisfied that the military judge did not abuse his discretion in denying the challenge. Inasmuch as the circumstances presented to us illustrate a recurring challenge issue, we believe that discussion and analysis might be useful.

### The Voir Dire

A recitation of pertinent portions of the *voir dire* procedure as it pertained to Lt Col H. follows. Lt Col H., along with several other members, initially responded affirmatively when queried by the civilian defense counsel as to whether cocaine abusers should automatically be removed from the Air Force. The military judge, noting some confusion among the members provided the following instruction:

Administrative disposition or separation is not before you and is not an option, and it must not play in any manner in your deliberations. What you are concerned about is whether or not a punitive discharge is appropriate in this case, and if so, what type of punitive discharge is appropriate, if indeed any discharge whatsoever is appropriate.

The members acknowledged their understanding of this instruction. Following a further instruction they also acknowledged that they could put aside any personal views about drug use and judge the appellant based solely on the evidence presented and the military judge's instructions.

The civilian defense counsel continued his *voir dire* and asked at one point whether the members believed that an Air Force drug abuser should be rehabilitated by the Air Force. He received a negative response from Lt Col H. A number of other members, again, demonstrated varying degrees of confusion. The military judge instructed the members that "treatment for a drug problem is not one of the punishment options you have. That is not one of your responsibilities for determining a sentence." However, he advised the members further that the defense could pursue this line of questioning to determine the members' philosophies.

After further discussions and argument by the parties in an Article 39(a), UCMJ, proceeding, the military judge determined

that it would be helpful to instruct the members that they must not consider any aspect of Air Force policy in arriving at an appropriate sentence. Thereafter, he advised the members that Air Force policy on drug abuse "plays no factor whatsoever in the sentence to be adjudged in a court-martial" and that they must disregard any notions they might have about what Air Force policy is. All members responded affirmatively when they were asked if they could accept this guidance. The military judge then addressed certain general queries to the members as to whether they could maintain an open mind on sentencing, given that the charges involving the appellant concerned drug abuse. The members again responded that they could.

Lt Col H. was one of the members questioned on individual *voir dire*. In answer to a query by the civilian defense counsel, he said that he had hesitated in responding to certain earlier questions because of their broad and sweeping nature. The defense subsequently challenged three of members for cause. Lt Col H. was one of these. The stated basis for the challenges was that the members evidenced "problems" with rehabilitation of drug abusers within the military and that they would thus not have an open mind concerning various sentencing options. These members were called for further individual *voir dire* so that their attitudes might be clarified. Lt Col H., in summing up his general attitude on the concept of rehabilitation and its relationship to determining an appropriate sentence, stated:

> I would have a difficult time personally based on my personal beliefs fashioning a sentence that called for rehabilitation for a hard substance abuser, i.e., cocaine, within the military. I do not have a problem with [the] rehabilitation portion of it, but I do have a problem with fashioning a sentence that would involve retention in the military. That's as honest as I can answer the question.

In response to questions by the military judge, Lt Col H. acknowledged that he could consider the full range of permissible punishments and that he "would not say that there could not be circumstances that would alter [his] view." He agreed with the military judge that his "inclination" was that persons who abuse cocaine should be separated from the service. When asked whether his views "carried forward" to a punitive discharge, he replied, "Not necessarily."

### The Challenge and its Denial

After completion of individual *voir dire* the civilian defense counsel pursued only the challenge for cause against Lt Col H. He defined the basis for the challenge, in somewhat narrow terms, as follows:

> [Lt Col H.] said that rehabilitation, which is part of sentencing, the military does not have an obligation and does not have a role in it, and I think that having said that, I think that he has a predisposition against one of the factors of sentencing, and I think that he should be struck for cause.

The military judge denied this challenge. The defense peremptorily challenged another member, thereby preserving the challenge for cause issue for appellate review. R.C.M. 912(f)(4).

### Analysis of Member's Attitude on Separation of Drug Abusers

■ In explaining his ruling, the military judge addressed Lt Col H.'s attitude on the separation of drug abusers from the Air Force. He noted that a member's inclination concerning a particular type of punishment for an offense is not, by itself, disqualifying. He remarked further that it is not unusual that members might express certain inclinations concerning punishment for a number of specific offenses. He relied upon the standard set forth in *United States v. Reynolds*, 23 M.J. at 294: "A member is not automatically disqualified, however, if he is candid enough to admit to an unfavorable inclination toward a particular offense. [Citations omitted]. The test is whether the member's personal bias is such that it will not yield to the evidence presented and the judge's instructions."

We agree with the military judge's reasoning. We find that the following guid-

ance from *United States v. Heriot*, 21 M.J. 11, 13 (C.M.A.1985), is particularly apt:

> Moreover, we wish to encourage candor on the part of court members questioned during *voir dire;* and so we are reluctant to hold that a prospective member who is not evasive and admits to harboring an opinion that many others would share—such as that a convicted drug dealer should not remain a noncommissioned officer or should be separated from the armed service—must automatically be excluded if challenged for cause.

The Court, in *Heriot*, points out that *voir dire* may reveal the court member who asserts "without ever wavering" that under no circumstance could he consider imposing a lenient sentence. It is this member who should be excused. *Ibid.*

As the quote from *Heriot* suggests, it is not unusual that an officer in the armed services would have strong attitudes against drug abusers. Indeed, given the publicity surrounding the growing drug epidemic, it is realistic to believe that juries in or out of the military would likely be predominantly composed of members holding certain hard attitudes concerning drug abuse. While Lt Col H.'s responses demonstrated a very strong attitude against drug abuse by Air Force members, he stopped well short of asserting that he was incapable of fairly considering all circumstances presented in arriving at a sentence. His belief that members who abused drugs should be separated from the military did not, in his words, "necessarily" mean that he would feel compelled to adjudge a punitive discharge. Therefore, his responses did not reveal an "inelastic attitude" that a punitive discharge must be imposed under any circumstances. *United States v. Davenport*, 17 M.J. 242, 245 (C.M.A.1984).

This situation is distinguishable from *United States v. Karnes*, 1 M.J. 92 (C.M.A. 1975). There, the Court held that a challenge against a court member who exhibited an inelastic attitude towards sentencing should have been sustained. However, in *Karnes*, the member stated, among other things, that he could not imagine circumstances which would persuade him not to impose a punitive discharge as punishment for one found guilty of offenses involving abuse of marijuana.

### Analysis of Member's Attitude on Rehabilitation of Drug Abusers

With respect to the question of Lt Col H.'s attitude concerning the related question of rehabilitation for drug abusers, the military judge observed that the member undoubtedly viewed the concept of rehabilitation differently from the civilian defense counsel. The military judge stated further that one might properly weigh and consider rehabilitation broadly, as one of the goals of sentencing, without concluding that this goal is realized only if an individual is allowed to remain on active duty.

We conclude that the military judge analyzed this issue correctly. As we observed in *United States v. Ohrt*, 26 M.J. 578 (A.F. C.M.R.1988), *pet. granted*, 27 M.J. 423 (1988), rehabilitation may present itself in many different guises in the presentencing phase of a trial. The theory of the civilian defense counsel was that a member who was reluctant to accept the feasibility of a military program of rehabilitation (and, presumably, retention) of drug abusers could not properly apply the concept of rehabilitation as a factor in arriving at a just and fair sentence for a particular drug abuser. Military courts have recognized that rehabilitation and reformation of offenders comprise one sentencing factor, among several others, which may be considered by those adjudging sentences in courts-martial. *United States v. Thompson*, 9 M.J. 166 (C.M.A.1980); *United States v. Lania*, 9 M.J. 100, 103 (C.M.A. 1980); *United States v. Varacalle*, 4 M.J. 181, 182–183 (C.M.A.1978); *United States v. Williams*, 23 M.J. 776, 778 (A.C.M.R. 1987); *United States v. Davic*, 1 M.J. 865, 871 (A.F.C.M.R.1976). We have found no suggestion in case law that the application of this factor contemplates that members should consider specific programs for behavioral training and control in arriving at a sentence. Rather, we believe that those imposing sentence must train their thoughts on the type of available sentence components that will facilitate an accused's

return to society as a law-abiding member. As the military judge correctly noted to counsel, a member might accord the factor of rehabilitation full and fair consideration and still conclude that a punitive discharge is appropriate.

### Use of Mechanical Rehabilitative Questions by the Military Judge

■ On oral argument, appellate defense counsel complained that Lt Col H. and other members ultimately provided the "right" answers to avoid challenge only because the military judge engaged in a series of "mechanical" rehabilitative questions designed to elicit perfunctory responses. This method of inquiry has been condemned in several opinions. *United States v. Smart*, 21 M.J. 15, 19 (C.M.A. 1985), *citing United States v. Harris*, 13 M.J. 288 (C.M.A.1982); *United States v. Moyar*, 24 M.J. 635, 639 (A.C.M.R.1987). However, it must be noted that *Smart, Harris* and *Moyar* each presented a different, and arguably more difficult, situation for the military judge at trial. In each case, the challenged member expressed more than a general bias concerning a particular offense, but the likelihood of a specific bias arising either from being a victim of a particular crime, having a blood relative who was victimized by a particular crime, or having a close working relationship with the alleged victims of the accused. When a member's life has been affected adversely by criminal conduct similar to that charged against an accused, bias is more readily "implied," despite a member's responses to the contrary. *United States v. Smart*, 21 M.J. at 19. As all three cases suggest, a particularly probing, detailed inquiry into those facts that might be expected to influence a member's judgment is required in such instance.

Lt Col H., on the other hand, revealed a general bias against retention and rehabilitation within the Air Force of identified drug abusers. The military judge provided an appropriate series of instructions to all the members, and he conducted a commendably thorough inquiry of the challenged member. Lt Col H.'s early *voir dire* responses were elicited primarily by "artful, sometimes ambiguous, inquiries from counsel." *United States v. Tippit*, 9 M.J. 106, 108 (C.M.A.1980). In this circumstance, the military judge's use of leading questions to determine if the member might be rehabilitated was entirely appropriate. *United States v. Reynolds*, 23 M.J. at 294. Lt Col H.'s responses, viewed in their entirety, revealed a willingness "to keep an open mind and to consider all the evidence in determining an appropriate sentence." *Ibid.* We do not agree with appellate defense counsel's assessment that his responses represented nothing more than perfunctory answers to a mechanical rehabilitation effort by the military judge.

### Summary: A Delicate Balance

As noted at the beginning of this decision, we have concluded that the military judge did not err in denying the challenge to Lt Col H., who expressed strong, but hardly unconventional, views in a candid and forthright manner. *United States v. Heriot*, 21 M.J. at 13. Despite a military judge's broad discretion in the area of challenges, the margin for error can be narrowed considerably if an accused's right to receive a fair trial appears to be endangered. The military judge bears the burden of balancing the desirability of retaining those members who do not shrink from expressing their attitudes and reservations honestly against the right of an accused to be judged by those who can approach their solemn responsibility with a firm resolve "to decide cases based only on the law and evidence presented to them in open court." *United States v. Garwood*, 20 M.J. 148, 152 (C.M.A.1985), *cert. denied*, 474 U.S. 1005, 106 S.Ct. 524, 88 L.Ed.2d 456 (1985).

### Sentence Appropriateness

■ On oral argument, appellate defense counsel have also asserted that the approved sentence is disproportionately harsh for the two wrongful uses of cocaine of which the appellant stands convicted. Based on our consideration of all circumstances reflected in the record, we believe that a modification of that portion of the sentence relating to forfeitures is appropri-

ate. We find appropriate only so much of the sentence as provides for bad conduct discharge, confinement for 12 months, forfeiture of $400.00 per month for 12 months and reduction to airman basic.

The findings of guilty and sentence, as modified, are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Judge BLOMMERS and Senior Judge KASTL concur.